**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| KENSINGTON PHYSICAL THERAPY, INC.<br>16221-D Flower Hill Way<br>Gaithersburg, MD 20879<br><br>          Plaintiff<br><br>vs.<br><br>JACKSON THERAPY PARTNERS, LLC<br>2655 Northwinds Parkway<br>Alpharetta, GA 30009<br><br>   Serve: Corporation Service Company<br>          1201 Hays Street<br>          Tallahassee, FL 32301<br><br>          Defendant | Case No. |

**CLASS ACTION COMPLAINT**

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile ("Junk Fax"). See 47 U.S.C. § 227. Kensington Physical Therapy, LLC ("Plaintiff"), on behalf of itself and all persons and entities similarly situated, files this complaint against the Defendant Jackson Therapy Partners, LLC ("Jackson Therapy"), for its violation of federal telemarketing law.

## THE PARTIES

1. Plaintiff, Kensington Physical Therapy, LLC is a Maryland corporation maintaining its principal place of business at 16221-D Flower Hill Way, Gaithersburg, Maryland 20879.

2. Defendant, Jackson Therapy Partners, LLC. is a Georgia limited liability company. The official website of the Florida Secretary of State at http://sunbiz.org/scripts/cornamelis.exe (last viewed August 31, 2011) lists Defendant's principal offices at 2655 Northwinds Parkway, Alpharetta GA 30009. On its website at www.jacksontherapy.com (last viewed August 31, 2011) Defendant lists its principal offices at 11315 Corporate Blvd., Suite 100, Orlando, FL 32817.

3. At all relevant times, Defendant conducted business and engaged in a regular course of conduct in Maryland. On its website at www.jacksontherapy.com/about-us  Defendant states, "Jackson Therapy Partners works with qualified individuals and quality companies to produce outstanding therapy staffing solutions in all 50 states."

## JURISDICTION

4. This Court has subject matter jurisdiction of the federal claims asserted in this action under 28 U.S.C. § 1331.

5. This Court has original jurisdiction pursuant to 28 U.S.C. 1332(d)(2)(A) because the matter in controversy exceeds the sum or value of $5,000,000 in the aggregate for the class, exclusive of interest and costs, and is a class action in which a member of the plaintiff class is a citizen of a state different from a defendant.

## THE LEGAL BASIS OF THE CLASS CLAIMS

6. This class action arises from Defendant's violations of federal and state law prohibiting privacy violations via invasive telemarketing practices.

7. The claims of the Plaintiff, and the class of persons it seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

8. The TCPA was also enacted to protect the property rights of the recipients of unsolicited facsimile advertisements.

9. The TCPA prohibits the use of a facsimile machine to send unsolicited advertisements for goods and services. 42 U.S.C. §227(b)(1)(C).

10. The TCPA requires that even facsimile advertisements sent to recipients who consented, or with whom the advertiser had an established business relationship, must include language on the facsimile advising that the recipient may request that future facsimiles cease, and further advising that failure to remove the recipient's facsimile number from the telemarketer's database within thirty days is itself a violation of the TCPA. This required language is referenced in this Complaint as the "Compliant Opt-Out Notice." See 42 U.S.C. §227(b)(2)(D).

11. The TCPA, 47 U.S.C. §227(b)(3) provides a private right of action in state court, as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to recover $500 in damages for each violation, whichever is greater, or (C) both such actions.

12. The federal regulations implementing the TCPA similarly provide that no person may "[u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 C.F.R. §64.1200(a)(3).

13. Despite the language in the TCPA providing for a cause of action in "a court of that State," jurisdiction in this Court is proper under federal question jurisdiction and is mandated under the Class Action Fairness Act, including its provisions at 28 U.S.C. 1332(d)(2)(A).

14. Plaintiff brings this action on its own behalf and on behalf of all members of a class, nationwide, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF**

15. On February 19, 2008, April 30, 2009, May 8, 2009, May 12, 2009, and on other dates, Defendant transmitted unsolicited advertisements via facsimile to Plaintiff and to thousands of other recipients in Maryland and elsewhere throughout the United States.  Samples of the advertisements sent to Plaintiff on the dates listed above are attached hereto as Exhibits A, B, C and D.   The transmissions to Plaintiff were intended to solicit business in Maryland. They were part of a promotional campaign that intentionally targeted persons in Maryland and in other selected states.  The transmissions were part of a course of conduct whereby Defendant purposefully sought to avail itself, and availed itself, of the protections afforded under the laws of the state of Maryland.

16. Plaintiff did not give express prior invitation or permission, and did not give prior consent in any fashion, for the transmission of the advertisement to Plaintiff via facsimile.

17. Plaintiff did not have a prior business relationship with Defendant.

18. The facsimiles failed to contain Compliant Opt-Out Notices.

19. Defendant carelessly and recklessly failed to seek or obtain express prior invitation or permission from Plaintiff before the transmissions were sent; and carelessly and recklessly failed to insure that the necessary Opt-out language was included in the advertisements.

20. Defendant, through its agents, carelessly and recklessly caused unsolicited facsimile advertisements to be sent to Plaintiff in violation of the TCPA and the FCC's promulgating regulations.

## CLASS ALLEGATIONS

21. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all persons, including business entities, similarly situated throughout the United States.

22. Upon information and belief, over the past four years, pursuant to a uniform policy and procedure, Defendant has engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA.

23. Upon information and belief, over the past several years, pursuant to a uniform policy and procedure, Defendant has transmitted unsolicited facsimile advertisements to tens of thousands of consumers and entities throughout Maryland and the United States.

24. Upon information and belief, pursuant to a uniform policy and procedure, Defendant failed to obtain the consent of facsimile recipients prior to the transmission of the facsimile advertisements as alleged above.

25. Defendant carelessly and recklessly failed to obtain prior express invitation or permission from the class members and to take all steps necessary to ensure that the facsimile marketing campaigns were compliant with applicable telemarketing law.

26. Defendant carelessly and recklessly failed to insure that the facsimiles contained a Compliant Opt-out Notice.

27.  Defendant carelessly and recklessly delegated to its agents critical tasks pertaining to compliance with applicable telemarketing law, including the task of securing and verifying prior express invitation and permission.  Defendant failed to exercise reasonable care in overseeing the execution of the facsimile campaigns, resulting in transmissions of the advertisements to the class members without their prior express invitation or permission, and without Compliant Opt-out Notices.  Defendant nevertheless

compensated its agents for their work and accepted resulting sales, thereby ratifying and endorsing the conduct of the agents.

28. Defendant, through its agents, carelessly and recklessly caused unsolicited facsimile advertisements to be sent to the facsimile machines of Plaintiff and of other members of the class, in violation of the TCPA and the FCC's promulgating regulations.

29. Defendant had the means, ability and incentive to document any and all instances in which express prior invitation or permission might have been given by a recipient of the facsimiles. Defendant is on notice to preserve any and all such documentation. Plaintiff does not admit that any such documentation exists, as it contends that no such prior invitation or permission was given.

30. To the extent Defendant contends it obtained express prior invitation or permission from recipients, or that it had an established business relationship with them, the facsimile advertisements are nevertheless in violation of the TCPA as they did not contain the Compliant Opt-Out Notice.

31. The class of persons represented by Plaintiff is composed of all persons or entities within the United States to whom Jackson Therapy sent, or caused to be sent, facsimile advertisements promoting Jackson Therapy and its services, at any time within four years prior to the filing of the instant Complaint.

32. The class as defined above is identifiable by telephone records, facsimile transmittal records, and facsimile number databases, used by Jackson Therapy or its agents, in transmitting the advertisements. On information and belief, the potential class members number in the thousands and are so numerous that joinder of all class members is impracticable. Plaintiff is a member of the class.

33. There are questions of law and fact common to Plaintiff and the proposed class, including, but not limited to, the following:

      a.   Whether Jackson Therapy violated the TCPA, or the FCC promulgating regulations, by engaging in illegal fax advertising.

      b.   Whether the facsimiles sent by Jackson Therapy to class members constitute unsolicited advertisements;

      c.   Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Jackson Therapy's actions.

34. Plaintiff's claims are typical of the claims of the class.

35. Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

36. The actions of Jackson Therapy are generally applicable to the class as a whole and to Plaintiff.

37. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Jackson Therapy and/or its agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

40. Plaintiff is able to fulfill the obligations of a class representative and is willing to serve in that capacity for the class described in this Complaint.

## COUNT I: VIOLATION OF THE TCPA

41. Plaintiff incorporates the allegations from the preceding paragraphs as if fully set forth herein.

42. Jackson Therapy and its agents caused unsolicited facsimile advertisements to be sent to Plaintiff and to the facsimile machines of other members of the class, in violation of the TCPA and the FCC's promulgating regulations.

43. By causing unsolicited facsimile advertisements to be sent to the class, Jackson Therapy violated the privacy rights of class members.

44. By causing unsolicited facsimile advertisements to be sent to the class, Jackson Therapy caused class members to sustain property damage and cost in the form of paper and toner.

45. By causing unsolicited facsimile advertisements to be sent to the class, Jackson Therapy interfered with the class members' use of their property as class members facsimile machines were encumbered by the transmission of Jackson Therapy's unsolicited facsimile advertisements.

46. By causing unsolicited facsimile advertisements to be sent to the class, Jackson Therapy caused the facsimile machines of class members to be encumbered by the transmission of unsolicited facsimiles.

47. Jackson Therapy failed to include a Compliant Opt-out Notice in the faxes.

48. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.

## COUNT II: INJUNCTIVE RELIEF AS TO FURTHER VIOLATIONS

49. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

50. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

51. Plaintiff, acting on behalf of the Class, respectfully petitions the Court to order Jackson Therapy to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## COUNT III: INJUNCTIVE RELIEF - PRESERVATION OF EVIDENCE

52. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

53. Jackson Therapy and/or its agents have custody and control of the business records and other information necessary to identify the members of the class including names and telephone facsimile numbers. Unless immediate injunctive relief is ordered, there is a likelihood that Jackson Therapy, and/or its agents, will alter, erase, delete, destroy or otherwise dispose of the records in their possession which are necessary to identify each recipient of the unsolicited facsimile advertisements promoting Jackson Therapy. For this reason, Plaintiff petitions the Court for an order enjoining Jackson Therapy, its agents, and anyone acting on its behalf, from altering, deleting or destroying any documents or records which could be used to identify the members of the class.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

1. That Jackson Therapy be immediately restrained from engaging in future telemarketing in violation of the TCPA.

3. That this Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure.

4. That the named Plaintiff and the other members of the class so certified be awarded $500 for each violation of the TCPA by Jackson Therapy.

5. That the Court enter an appropriate order enjoining Jackson Therapy, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used

to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements.

6. That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

**PLAINTIFF, FOR ITSELF AND THE CLASS MEMBERS, REQUESTS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE.**

PLAINTIFF,

Kensington Physical Therapy, LLC
By its attorney,

/s/ Stephen H. Ring
Stephen H. Ring, Esq.
STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, MD 20878
Phone: (301) 563-9249
Fax: (301) 563-9639
USDC-MD No. 00405
shr@ringlaw.us

Dated: September 1, 2011