**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

KENSINGTON PHYSICAL
THERAPY, INC.,

     Plaintiff,

        v.                            Civil Action No. 8:11-cv-02467

JACKSON THERAPY PARTNERS, LLC.,

     Defendant.

---

**<u>MEMORANDUM OPINION</u>**

     Plaintiff Kensington Physical Therapy, Inc. ("Kensington") brings this action against Defendant Jackson Therapy Partners, LLC ("Jackson").  Kensington asserts a putative class action claim under the Telephone Consumer Protection Act ("TCPA").  Presently pending before the Court are (1) Jackson's Motion to Dismiss for lack of standing and (2) Jackson's Motion to Stay.  The Court has reviewed the entire record and finds no hearing necessary.  For the reasons that follow, the Court **DENIES** Jackson's Motion to Dismiss and **DENIES AS MOOT** Jackson's Motion to Stay.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

     Kensington alleges that Jackson sent unsolicited advertisements via facsimile ("fax") to Kensington and others on various dates.  On January 24, 2011, Kensington sent Jackson a demand letter.  The letter accuses Jackson of sending the unsolicited faxes in violation of the TCPA and demands that Jackson pay statutory damages for each violation.  Doc. No. 13-3 at 1–2.

On February 17, 2011, Jackson sent a settlement offer to Kensington.  Doc. No. 13-4. The offer purported to "fully satisfy the individual claims" and included the following terms: $1,500 payment for each fax received; any additional amount authorized under state law; attorney's fees; injunctive relief; and the maximum statutory damages for 30 other clients of Kensington's law firm that also allegedly received unsolicited faxes from Jackson.  *Id.* at 1–2. Kensington's counsel allegedly did not respond to the initial settlement offer.

On September 1, 2011, Kensington filed its class action complaint.  Doc. No. 1.  The Complaint alleges that Jackson violated a regulation promulgated by the Federal Communications Commission ("FCC") implementing the TCPA.  *See* Compl. ¶ 6, Doc. No. 1.

On September 26, 2011 Jackson again offered to settle under the same terms of their February letter.  *See* Doc. No. 13-5.  Kensington allegedly rejected this offer on September 28, 2011.

On October 12, 2011 Jackson supplemented its settlement offer.  *See* Doc. No. 13-6.  In its supplemental offer, Jackson agreed to have a judgment entered against it and waived any requirement of confidentiality.  *Id.* at 2.

On November 4, 2011, Jackson filed this Motion to Dismiss for lack of standing.  Doc. No. 13.  Therein, Jackson argues that its settlement offer for complete relief renders Kensington's action moot.  Contemporaneously with its Motion to Dismiss, Jackson filed a Motion to Stay, urging the Court to stay discovery and further proceedings until the resolution of its Motion to Dismiss.  Doc. No. 14.  To date, Kensington has not moved for class certification.

## II.     STANDARD OF REVIEW

### A.  Motion to Dismiss Under 12(b)(1)

"There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* Where the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* "Second, it may be contended that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. In such cases, "the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, No. 8:09–CV–02649–AW, 2012 WL 447392, at *4 (D. Md. 2012) (internal quotation marks omitted) (quoting *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (2002)).

The first manner of presenting a 12(b)(1) motion to dismiss applies in this case because Jackson makes a facial subject matter jurisdiction challenge. That is, Jackson essentially alleges that the Complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. Although the Court exits the four corners of the Complaint to review the settlement offer, the case presents no relevant factual disputes. Rather, the Court faces a pure legal question. Given the absence of factual disputes and discovery, it is proper to apply the relatively lenient 12(b)(6) standard of review. *See id.*; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (emphasis added) (citing cases) (stating that "each element [of standing] must be supported . . . with the manner and degree of evidence required **at the successive stages of the**

3

**litigation**").  In other words, the question is whether, construed in a light favorable to Kensington, it is plausible that Kensington could prevail on its putative class action claim with the benefit of discovery.  *See Boyd v. Coventry Health Care Inc.*, 828 F. Supp.2d 809, 817 (D. Md. 2011); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("plausibility" pleading standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [a viable claim]").  For these reasons, the Court states the standard of review for 12(b)(6) motions below.

### B.  Motion to Dismiss Under 12(b)(6)

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Twombly*, 550 U.S. 544. These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).  This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.  In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).  The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual

allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.    LEGAL ANALYSIS

This case was brought pursuant to the TCPA. TCPA § 227(b)(3) permits private individuals to seek injunctive relief and recover up to $1500 for willful and knowing violations of the statute or its prescribed regulations.  47 U.S.C. §227(b)(3).  Kensington alleges that Jackson violated an implementing FCC regulation that forbids the "[u]se [of] a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 C.F.R. § 64.1200.  The issue before the Court is whether Jackson's settlement offer, made prior to Kensington's motion for class certification, mooted both Kensington's individual and putative class claims, thereby depriving the Court of jurisdiction.

The jurisdiction of federal courts is restricted to actual cases or controversies.  U.S. Const. art. III, § 2, cl. 1.  Thus, moot issues are generally nonjusticiable.  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  Discussing the indefiniteness of justiciability doctrine, the Supreme Court has noted that it is "not a legal concept with a fixed content or susceptible to scientific verification."  *Poe v. Ullman*, 367 U.S. 497, 508 (1961) (plurality opinion).

A case may be rendered moot "when the claimant receives the relief he or she sought to obtain through the claim."  *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002). Generally, a settlement offer of complete relief, whether or not accepted by the Plaintiff, will moot a claim. *See Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986).

5

"[S]pecial mootness rules apply in the class action context." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3rd Cir. 1992).  For example, when a class representative's claim is mooted after class certification, the Supreme Court has held that federal courts retain jurisdiction over the class action.  *Sosna v. Iowa*, 419 U.S. 393, 401 (1975).  The Supreme Court has also held that class representatives may proceed with an appeal on the class certification issue where a class certification has been denied and the class representative's individual claim has been resolved. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 401–02 (1980); *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332–03 (1980).

Here, the Court must analyze two subissues. The first is whether Jackson's settlement offer is complete.  If the settlement offer is complete, the Court then must determine whether a special mootness rule applies in the context of this case (i.e., where the class representative's claim otherwise becomes moot before it has moved for class certification).

### i. *Complete Settlement Offer*

The Fourth Circuit has considered the effect of a settlement offer on the justiciability of a FLSA collective action claim.  *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011).  The *Simmons* court held that settlement offers will not invariably moot the claim of a named plaintiff in a putative FLSA collective action claim where the settlement offer is incomplete.  634 F.3d at 767.  In *Simmons*, the plaintiffs brought a collective action for unpaid wages under FLSA.  *Id.* at 757.  After the class complaint was filed, the defense counsel sent a letter to plaintiffs' counsel offering "full relief" to the named plaintiffs.  *See id.* at 760–61.  The issue was whether that letter constituted a complete settlement offer, thereby mooting the plaintiffs' class/collective action claim.  *Id.* at 757.  The *Simmons* court held that a settlement offer is complete only if it includes no conditions, imposes no confidentiality requirement, and

includes an offer for entry of judgment. *See id.* at 764–67. Because defendant's offer did not satisfy these requirements, it failed to moot the named plaintiffs' claims.[1] *See id.*

Here, Jackson sent Kensington a settlement offer before Kensington filed its Complaint. That offer did not include an offer of judgment or a confidentiality waiver. *See* Doc. No. 13-7. Like the offer in *Simmons*, this offer was incomplete and, therefore, Kensington held an individual stake in its claim before filing the instant Complaint.

However, in contrast to the pre-Complaint settlement offer, the supplemental settlement offer provides for the maximum amount of statutory damages, is unconditional, and includes both an offer of judgment and confidentiality waiver. *See* Doc. No. 13-6. Therefore, Jackson's supplemental settlement offer, made after the filing of the Complaint but before the filing of a motion for class certification, is a complete settlement offer under the holding of *Simmons*.

ii.  *The Relation Back Doctrine*

Jackson asserts that, because no certification motion is pending, the complete settlement offer mooted Kensington's individual claim and the case cannot proceed. Doc. No. 18 at 6. Absent controlling Fourth Circuit precedent on this question, the Court looks to other circuits for guidance. The Court finds persuasive holdings of courts that have employed the relation back doctrine to allow class action claims to go forward where no certification motion is pending and the plaintiff has received an offer of complete relief. *See Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004); *see also Clausen Law Firm, PLLC v. Nat'l Acad. of Contin. Legal Educ.*, No. 10-cv-01023-JPD, 2010 U.S. Dist. LEXIS 120989, at *29 (W.D. Wash. 2010); *White*

---

[1] In deciding the case on these narrower grounds, the *Simmons* court expressly declined to consider whether a complete settlement offer prior to class certification moots a class claim. *See* 634 F.3d at 767 n.9.

*v. OSI Collection Servs., Inc.*, No. 01-CV-1343(ARR), 2001 WL 1590518, at *1 (E.D.N.Y. 2001).

In *Weiss*, the plaintiff received a letter from a debt collector. 385 F.3d at 339.  He then filed a claim under the Fair Debt Collections Practices Act ("FDCPA") on behalf of himself and a putative nationwide class alleging that certain statements made in the letter violated the FDCPA.  *Id.*  Six weeks later, the defendant offered to settle for the maximum statutory fine, including attorney's fees.  *Id.*  At this time, although the plaintiff had filed a class complaint, he had yet to move for class certification.  *Id.* at 344.  The *Weiss* court determined that the settlement offer provided all the relief available to the plaintiff, but noted that it did not include any relief for the putative class.  *Id.* at 340.  The maximum statutory fine was only $1,000 per violation.  *Id.*  Based on these findings, the *Weiss* court held as follows:

> Absent undue delay in filing a motion for class certification . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.

*Id.* at 348.

In other words, the *Weiss* court extended the relation back doctrine to establish jurisdiction where the defendant has offered complete relief prior to the plaintiff's motion for class certification.  *See id.* In so holding, the *Weiss* court noted that "most of the cases applying the relation back doctrine have done so after a motion to certify the class has been filed."  *Id.* at 347.  However, the *Weiss* court expressed a preference that the class action process should be able to "play out" in cases where, like here, the complete settlement offer was made before the plaintiff moved for class certification.  *See id.* at 347–48.  In reaching this conclusion, the court took into account that "the federal rules do not require certification motions to be filed with the class complaint, nor do they encourage premature certification determinations."  *Id.* at 347.

8

The Third Circuit's holding in *Weiss* is consistent with applicable Supreme Court precedent. *See Sosna*, 419 U.S. at 402 n.11; *Geraghty*, 445 U.S. at 404. In *Sosna*, the Supreme Court recognized the relation back exception to the mootness rule:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

419 U.S. at 402 n.11.

In a similar vein, the Supreme Court held in *Geraghty* that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied." 445 U.S. at 404. In reaching this conclusion, the Court expressed agreement with the analysis in "other cases, applying a 'relation back' approach, [which] clearly demonstrate that timing is not crucial." *See id.* at 398. The Court further reasoned that "when the claim on the merits is capable of repetition, yet evading review, the named plaintiff may litigate the class certification issue despite loss of his personal stake in the outcome of the litigation." *Id.* (citations and internal quotation marks omitted).

In this case, similar to the claim in *Weiss,* the maximum statutory fine is relatively small. The claim is thus susceptible to pick-off attempts. That is, entities could determine it advantageous to pick off such claims to obviate potential class liability where, as is alleged here, the entity's practices affect a class of victims who otherwise might lack a sufficient incentive to seek redress for the alleged violations. Moreover, Jackson waited for only six weeks after Kensington filed its class complaint to extend its settlement offer. This amount of time matches the amount of time that the *Weiss* court determined insufficient to create an inference that the

plaintiff acted with undue delay in deciding not to move for conditional class certification. Furthermore, although Kensington has yet to move for class certification, it is too early in the case to draw an adverse inference from this decision. Indeed, one policy concern regarding pick-offs is that they create a perverse incentive to prematurely file motions for conditional class certification. Alternatively, it would be counterintuitive for the Court to use the fact that Kensington has yet to file a motion for class certification against it when Jackson, not Kensington, has filed a Motion to Stay. Under these circumstances, it would behoove the Court to apply the relation back doctrine to assess the mootness, or lack thereof, of Kensington's class action claim when Kensington moves for class certification.[2]

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Jackson's Motion to Dismiss and **DENIES AS MOOT** Jackson's Motion to Stay.  A separate Order follows.

| July 30, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |

---

[2] To be sure, this analysis assumes that Kensington will move for class certification within a reasonable time after the issuance of this Opinion or the commencement of discovery.