IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENSINGTON PHYSICAL THERAPY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 2467 |
| | ) | |
| JACKSON THERAPY PARTNERS, LLC, | ) | Judge Alexander Williams, Jr. |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S CITATION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO DISMISS FOR LACK OF STANDING OR IN THE ALTERNATIVE TO CERTIFY ISSUES FOR <u>REVIEW BY THE FOURTH CIRCUIT</u>**

Jackson Therapy Partners ("JTP") hereby submits for the Court's consideration, the July 15, 2013 decision of Judge Marra of the United States District Court for the Southern District of Florida in which the court in an analogous factual setting held that where, as here, the defendant made a complete settlement offer to the plaintiff before the plaintiff moved for class certification, the offer mooted the claims of the plaintiff and mandated dismissal of the action. *Keim v. ADF Midatlantic, LLC,* No. 12-80577-CIV-MARRA, 2013 U.S. Dist. Lexis 98373 (S.D. Fl. July 15, 2013) (attached as <u>Exhibit 1</u>).

Further *Keim* supports JTP's argument that the Supreme Court's decision in *Genesis Healthcare*[1] established that the relation-back doctrine is not to be applied in cases such as this which involve claims of statutory damages, to rescue such claims from being rendered moot by settlement offers made before the plaintiff moves for class certification. In addition, Judge Marra's decision in *Keim* also expressly rejected the argument advanced by Plaintiff in this case that the Supreme Court's decision in *Genesis Healthcare* is distinguishable on the ground that

---

[1] *Genesis Healthcare Corp. v. Symczyk*, __ U.S. __, 133 S.Ct. 1523 (2013).

1

FLSA collective actions are different than Rule 23 class actions. In rejecting this argument the court stated:

> That *Genesis* dealt with an FLSA collective action and its corollary "conditional class certification (citations omitted) does not support an attempt to distinguish it materially from the facts of this case, which deals with traditional Rule 23 class certification in a TCPA case: both cases present a situation where a lone plaintiff was offered full relief before a class acquired independent legal status. In fact, any distinction between an FLSA conditional certification and a Rule 23 traditional certification (citations omitted) arguably cuts in favor of Defendants because preventing a "Rule 23" claim from being mooted is comparatively easy.

*Keim, 2013 U.S. Dist Lexis* 98373 at *19 n10.

The *Keim* decision is factually analogous and supports the argument of JTP that its settlement offers made before this case was filed and after filing but before Plaintiff moved for class certification, moot Plaintiff's claim and requires that this action be dismissed.

                            Respectfully submitted,

                            JACKSON THERAPY PARTNERS, LLC


                            By: _____/s/ Bart T. Murphy_____
                                    One of Its Attorneys

Bart T. Murphy, #6181178 (Admitted *Pro Hac Vice*)
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, Illinois  60532
(630) 955-6392

Paul N. Farquharson, #06514
SEMMES, BOWEN & SEMMES
25 S. Charles Street, Suite 1400
Baltimore, Maryland 21201
(410) 539-5040

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 19, 2013, a copy of the foregoing document was filed electronically. Notice of this filing and a copy of the document will be sent via e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                        s/Bart T. Murphy  
                                        Bart T. Murphy