IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| KENSINGTON PHYSICAL THERAPY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACKSON THERAPY PARTNERS, LLC, <br><br> Defendant. | Civil Action No. 8:11-cv-02467 |

**AMENDED MEMORANDUM OPINION**

Plaintiff Kensington Physical Therapy, Inc. ("Plaintiff") brings this action against Defendant Jackson Therapy Partners, LLC ("Defendant"). Plaintiff asserts a putative class action claim under the Telephone Consumer Protection Act ("TCPA"). Pending before the Court is Defendant's Renewed Motion to Dismiss in Light of the Supreme Court's Decision in *Genesis Healthcare* or, in the Alternative, to Certify Issues for Review by the Fourth Circuit ("Renewed Motion to Dismiss"). The Court has reviewed the entire record and deems a hearing unnecessary. For the reasons that follow, the Court **DENIES** Defendant's Renewed Motion to Dismiss.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a Maryland LLC whose principal place of business is Gaithersburg, Maryland. Defendant is a Georgia LLC whose principal place of business is either Georgia or Florida. Plaintiff generally alleges that Defendant has transmitted unsolicited advertisements via facsimile ("fax") to Plaintiff and many other recipients on various occasions.

In response, on January 24, 2011, Plaintiff sent Defendant a demand letter. The letter accuses Defendant of sending the unsolicited faxes in violation of the TCPA and demands that Defendant pay statutory damages for each violation. Doc. No. 13-3 at 1–2.

On February 17, 2011, Defendant sent a settlement offer ("Offer") to Plaintiff. Doc. No. 13-4. The Offer is worded broadly and purports to cover all claims for violations of the TCPA or related statutes or doctrines. The Offer also purports to provide: $1,500 for each violation of the applicable statute; any additional compensation dictated by a state law doctrine; attorney fees and costs; and injunctive relief. *Id.* at 1–2. The Offer further states that Defendant would furnish Plaintiff with the following relief to the extent the Offer failed to do so as worded:

> "[A]ny such other relief which is determined by a court of competent jurisdiction to be necessary to fully satisfy all of the individual claims of [Plaintiff] . . . arising out of or related to the transmission of [fax] ads sent to [Plaintiff] . . . by or on behalf of [Defendant]."

*Id.* at 2.

The Offer contains some language that one could construe as a limitation. For instance, the Offer states that it is "for settlement purposes only." *Id.* at 1. Defendant also states in the Offer that it "does not admit any liability to [Plaintiff] or others and makes this [O]ffer solely to avoid the expense and inconvenience of litigation." *Id.* The Offer does not explicitly state that it included an offer for judgment to be entered against Defendant. Evidently, Plaintiff did not respond to the Offer.

On September 1, 2011, Plaintiff filed a Class Action Complaint ("Complaint") pursuant to Rule 23 of the Federal Rules of Civil Procedure. Doc. No. 1. The Complaint generally alleges that Defendant violated federal and state laws prohibiting the transmission of unsolicited fax ads.

On September 26, 2011, Defendant offered to settle under the same terms as its February Offer. *See* Doc. No. 13-5. Plaintiff allegedly rejected this offer on September 28, 2011.

On October 12, 2011, Defendant supplemented its Offer ("Supplemental Offer"). *See* Doc. No. 13-6. Defendant's Supplemental Offer is essentially the same as its original Offer except that Defendant explicitly (1) agreed to have a judgment entered against it and (2) waived any requirement that the judgment be confidential. *Id.* at 2.

On November 4, 2011, Defendant filed a Motion to Dismiss for lack of standing. Doc. No. 13. Defendant argued that both its Offer and Supplemental Offer rendered Plaintiff's putative class action moot as it made the Offers before the certification of the putative class.

On July 30, 2012, the Court issued a Memorandum Opinion and Order ("Opinion") denying Defendant's Motion to Dismiss. Doc. Nos. 22–23; *see also Kensington Physical Therapy, Inc. v. Jackson Therapy Partners*, 880 F. Supp. 2d 689 (D. Md. 2012). In reaching this disposition, the Court first analyzed whether the Offer and Supplemental Offer were complete settlement offers within the meaning of *Simmons v. United Mortgage & Loan Investment, LLC*, 634 F.3d 754 (4th Cir. 2011). The Court concluded that the original Offer was not a complete settlement offer within the meaning of *Simmons*, but that the Supplemental Offer was. Acknowledging that Plaintiff had yet to move for class certification, the Court considered whether the Supplemental Offer mooted Plaintiff's putative class action. Relying on the Third Circuit's decision in *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), the Court held that it did not. Applying the "relation back" doctrine, the Court reasoned that Plaintiff's anticipated motion for class certification would relate back to the filing of the Complaint.

Subsequently, Defendant filed a Motion to Stay. Doc. No. 37. Defendant noted that *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), was pending before the Supreme

3

Court. As stated in the petitioner's cert petition, the issue was whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer from the defendants to satisfy all of the plaintiff's claims. The Court granted Defendant's Motion to Stay, reasoning that *Genesis* promised to significantly facilitate resolution of the case. *See* Doc. No. 43. Thus, the Court stayed the case pending the outcome in *Genesis*.

Through various filings, the Parties argue about whether *Genesis* disposed of Plaintiff's claim. Plaintiff asserts that, by its very terms, *Genesis* is limited to the collective action context under FLSA. For its part, Defendant maintains that the *Genesis* Court's reasoning shows that the Court's application of the relation back doctrine was erroneous. The Court ultimately allowed the Parties to brief whether *Genesis* dictates dismissal of Plaintiff's Complaint.

Pursuantly, Defendant filed its Renewed Motion to Dismiss. Doc. No. 50. The Parties have finished briefing on this Motion. The Parties have also filed various supplements to their respective memoranda.

## II. STANDARD OF REVIEW

"[I]f the governmental entity challenges jurisdiction under Rule 12(b)(1) . . . the court is free to consider exhibits outside the pleadings 'to resolve factual disputes concerning jurisdiction.'" *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). In other words, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williams*, 50 F.3d at 304 (citation and internal quotation marks omitted). These authorities are consistent with the Supreme Court's obiter dictum that "if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted). In some

4

cases, it may behoove the trial court to conduct an evidentiary hearing to resolve the disputed facts that underpin subject matter jurisdiction. *See Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). This measure is unnecessary where, as here, the parties do not contest the facts relevant to the court's jurisdictional analysis.[1]

### III. LEGAL ANALYSIS

This case was brought pursuant to the TCPA. Section 227(b)(3) of the TCPA permits private individuals to seek injunctive relief and recover up to $1500 for willful and knowing violations of the statute or its prescribed regulations. 47 U.S.C. §227(b)(3). Plaintiff alleges that Defendant violated an implementing FCC regulation that forbids the "[u]se [of] a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 C.F.R. § 64.1200. The fundamental issue is whether a complete settlement offer made prior to a motion for class certification moots both plaintiff's individual and putative class claims.

"Article III, § 2[] of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis*, 133 S. Ct. at 1528 (citations and some internal quotation marks omitted). Therefore, "[i]n order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Id.* (citation and internal quotation marks omitted). "This requirement [of standing] ensures that the Federal Judiciary confines itself to its constitutionally limited role of

---

[1] Defendant disputes the Court's interpretation of one of its settlement offers. This is, at a minimum, a mixed question of law and fact whose resolution a hearing would not aid.

adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.*; *see also Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013).

"A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis*, 133 S. Ct. at 1528. "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* (citation and internal quotation marks omitted).

"Generally speaking, one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citation omitted). "However, special mootness rules apply in the class action context, where the named plaintiff purports to represent an interest that extends beyond his own." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992). For example, the Supreme Court has held that a class action is not rendered moot when the class representative's individual claim becomes moot after class certification. *Sosna v. Iowa*, 419 U.S. 393, 401 (1975). The Supreme Court has also held that proposed class members may appeal the denial of class certification when the class representative's individual claim becomes moot, with the result that the class would have standing to pursue the class claim if the denial is overturned on appeal. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980).

The Fourth Circuit has considered the circumstances under which a settlement offer renders FLSA collective action claims moot. *See generally Simmons*, 634 F.3d 754. The *Simmons* court held that the settlement offer at issue failed to render the plaintiff's collective action claim moot. *See id.* at 764–67. The Court gave three reasons for its holding. First, the court reasoned that the settlement offer in question, though purportedly for "full relief," did not

6

include an offer of judgment. *See id.* at 764–66. Second, the court determined that the offer contained conditions that rendered it "ambiguous" and "vague." *See id.* at 766. Third, the court noted that the plaintiffs would be entitled to an unsealed judgment if they prevailed and concluded that the settlement offer's confidentiality requirement was incompatible with this right. *See id.* at 767. For these reasons, the court held that the district court erred by dismissing as moot the plaintiff's collective action claim. *Id.*

Thus expounded, *Simmons* stands for the principle that a settlement offer must be "complete" to moot a class or collective action. That is, completeness is a necessary, but not sufficient, condition for a settlement offer to moot a putative class action. Defendant responds that an offer's completeness is a sufficient condition for mootness, reasoning that the *Simmons* court had no need to address whether the offer was complete unless a complete offer would moot a putative class action. The Court disagrees. In explaining that the offer at issue was incomplete, the *Simmons* court simply showed that one of the requirements for an offer to moot a class action was absent. *Simmons* does not compel the negative inference that there were no other conditions necessary for a settlement offer to moot a putative class action. Thus, at the threshold, the Court must consider whether Defendant's Offer, Supplemental Offer, or both were complete within the meaning of *Simmons*.

The original Offer was not complete. The Offer did not include an express offer of judgment. Although Defendant does not dispute this observation, Defendant contends that the Offer's "catchall" provision subsumed any necessary offer of judgment. The Court disagrees. The *Simmons* court emphasized the importance of the settlement offer's containing an express offer of judgment. *See id.* at 764–65. The court reasoned that judgments are "far preferable" to settlement offers because "district courts have inherent power to compel defendants to satisfy

7

judgments entered against them . . . but lack the power to enforce the terms of a settlement agreement absent jurisdiction over a breach of contract action for failure to comply with the settlement agreement." *Id.* at 765 (citations omitted). Second, the catchall provision is ambiguous, which weighs against the completeness of the offer. Although the catchall is worded broadly, the meaning of the language "any such other relief which is determined by a court of competent jurisdiction to be necessary to fully satisfy all of the individual claims of [Plaintiff] . . . ." is not readily apparent. Indeed, the Offer states that it is "for settlement purposes only," which strengthens the inference that the quoted language was not meant to include an offer of judgment.

The Supplemental Offer, however, is complete. As with the original Offer, it is broadly written and purports to cover all the claims at issue. Yet, in contrast to the Offer, the Supplemental Offer contains an express offer of judgment. Furthermore, although its completeness does not depend on it,[2] the Supplemental Offer states that the judgment would not be subject to any confidentiality requirements.

Therefore, despite Defendant's arguments to the contrary, the Court reaffirms its initial decision that only the Supplemental Offer was complete. Now, the Court must consider whether a special mootness rule applies under the facts of this case.

At least four circuit courts have recognized the relation back doctrine as an exception to mootness in the class action context.[3] These cases propose that a complete settlement offer made

---

[2] *Simmons* holds only that the settlement offer cannot require the judgment to be confidential. *See* 634 F.3d at 767. The absence of a confidentiality waiver does not amount to a requirement that the judgment be confidential.

[3] *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) ("[W]e hold that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."); *Pitts v.*

before the plaintiff files a motion for class certification does not moot the putative class action provided that the plaintiff move for class certification within a reasonable time after discovery. The Seventh Circuit embraced the contrary view in *Damasco v. Clearwire Corp.*, 662 F.3d 891(7th Cir. 2011). In *Damasco*, which arose under the TCPA, the court held that a complete settlement offer made before the plaintiff moved for class certification mooted the plaintiff's putative class action. *See id.* at 895–96.

In its prior Opinion, the Court endorsed the majority view. *See Kensington*, 880 F. Supp. 2d at 694–95. The Court reasoned that full settlement offers made before class certification operated to "pick off" the plaintiff's putative class claims. This concern is especially acute in TCPA cases because the maximum statutory fine is relatively small and, therefore, remediating TCPA violations may depend on "aggregating small claims." *See Weiss*, 385 F.3d at 344. The Court also made a factual finding that Plaintiff had not displayed undue delay in failing to move for class certification. Plaintiff filed the suit on September 1, 2011. Via consent motion, Defendant received until November 4, 2011 to respond to the Complaint. On this date, Defendant filed its initial Motion to Dismiss. The case has been hung up on the standing issue since that time, which has effectively precluded Plaintiff from moving for class certification.

The Seventh Circuit's contrary view in *Damasco* does not persuade the Court. The *Damasco* court bases its decision largely on adherence to its prior decisions. *See* 662 F.3d at 895.

---

*Terrible Herbst, Inc.*, 653 F.3d 1081, 1092 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action."); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 (5th Cir. 2008) ("[W]hen a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment."); *Weiss*, 385 F.3d at 348 ("Absent undue delay in filing a motion for class certification, . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.").

*Damasco* also discounts a policy concern that the Court expressed in its Opinion, namely, that pick-offs create a perverse incentive to move for conditional class certification prematurely. In this regard, the *Damasco* court reasoned that a solution to the pick-off problem is for plaintiffs to move for class certification when they file their complaint. The court further reasoned that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." 662 F.3d at 896. Problematically, this procedure puts courts in the position of deciding whether to certify a class before any discovery has been conducted—even discovery limited to the certification issue. Thus, it is not conducive to careful determinations of the propriety *vel non* of class certification. It also encourages plaintiffs to clutter the docket with motions related to class certification and discovery at the outset when in many cases defendants will presumably move to dismiss. Therefore, although Rule 23 contemplates "early" class certification determinations, *Damasco*'s procedure is not "practicable." *Cf.* Fed. R. Civ. P. 23(c)(1)(A).

The question, then, is whether the Supreme Court's recent decision in *Genesis* dictates dismissal of Plaintiff's Complaint for mootness. The short answer is no. Although the *Genesis* Court acknowledged a circuit split over the question at hand, it expressly stated that it "[did] not reach this question [] or resolve the split." *See* 133 S. Ct. at 1528–29. Defendant responds that the *Genesis* Court rejected the application of the relation back doctrine to cases where the named plaintiff's claim (1) is fully satisfied before class certification and (2) is not "inherently transitory." Granted, the *Genesis* Court indicated that statutory claims are not "inherently transitory" and that the relation back doctrine does not apply to cases where non-"inherently transitory" claims are fully satisfied before class certification. *See id.* at 1530–31. However, this part of the *Genesis* decision is dicta. *See Cent*. *Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363 (2006)

(citation omitted) ("[W]e are not bound to follow our dicta in a prior case in which the point now at issue was not fully debated."). Furthermore, *Genesis* involved a FLSA collective action, whereas this case presents a Rule 23 class action. In this connection, the *Genesis* Court wrote that "Rule 23 actions are fundamentally different from collective actions under the FLSA . . . ." 133 S. Ct. at 1529 (citation omitted). Therefore, it is unclear that the *Genesis* Court's dictum that the relation back doctrine does not apply when the plaintiff's statutory claims become moot before class certification applies in the Rule 23 context. Moreover, even if the relation back doctrine does not apply, it does not follow that the Supreme Court—or Fourth Circuit—would not recognize another exception to mootness under the facts of this case. Therefore, *Genesis* does not answer the question before the Court.

Defendant has filed several notices of supplemental authority reporting that various federal district judges have held in the wake of *Genesis* that a complete settlement offer made before class certification moots the class action. *See, e.g.*, *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A–12–CA–376–SS, 2013 WL 3713492, at *5–6 (W.D. Tex. July 11, 2013). However, Defendant concedes that some judges have held the opposite. *See, e.g.*, *Craftwood II, Inc. v. Tomy Int'l, Inc.*, No. SA CV 12–1710 DOC (ANx), 2013 WL 3756485, at *4 (C.D. Cal. July 15, 2013) ("[*Genesis*] does not cover class actions, nor does it even address how a rejected offer could moot a claim."). Furthermore, federal judges both inside and outside the District of Maryland have cited approvingly the Court's prior Opinion holding that a complete settlement offer made before class certification does not moot the putative class claims. *See Mitchell Tracey v. First Am. Title Ins. Co.*, --- F. Supp. 2d ----, Civil No. WDQ–12–1329, 2013 WL 1296390, at *12 n.12 (D. Md. Mar. 28, 2013) (Quarles, J.); *Carter v. Stewart Title & Guar. Co.*, Civil No. CCB–12–0167, 2013 WL 436517, at *5 (D. Md. Feb. 4, 2013) (Blake, J.); *see also Klein v.*

11

*Verizon Commc'ns, Inc.*, 920 F. Supp. 2d 670, 679 (E.D. Va. 2013) ("[T]he Court finds the decision[] of . . . our sister court in *Kensington* persuasive on this issue."). Moreover, the Maryland Court of Appeals has adopted the majority view. *Frazier v. Castle Ford, Ltd.*, 59 A.3d 1016, 1026 (Md. 2013) ("[A] tender of individual relief to the putative class representative does not moot a class action if the individual plaintiff has not had a reasonable opportunity to seek class certification, including any necessary discovery."). Finally, it goes without saying that the hostile federal district holdings are not binding. *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) (citation and internal quotation marks omitted) ("[A] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Thus, Defendant's adverse authority does not dictate dismissal of Plaintiff's claims.

      Alternatively, Defendant asks the Court to certify the case to the Fourth Circuit for interlocutory review. The United States Code gives district courts discretion to certify an interlocutory order for appeal where three criteria are present: (1) the order involves a controlling question of law; (2) substantial ground for difference of opinion exists regarding the question; and (3) allowing interlocutory appeal would materially advance the termination of the litigation. *See* 28 U.S.C. § 1292(b); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). "A party seeking review of a nonfinal order must first obtain the consent of the trial judge." *Coopers*, 437 U.S. at 474. The party moving for certification of an interlocutory order pursuant to § 1292(b) bears the burden of proving that the prospective appeal satisfies each of the statutory prerequisites for certification. *See id.* at 474–75. Generally, "exceptional circumstances" must exist to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* at 475 (citation and internal quotation marks

omitted). Likewise, the Fourth Circuit has stated that "§1292(b) should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989) (citation omitted).

The Court will assume, without deciding, that this case involves a controlling question of law concerning which substantial ground for difference of opinion exists. However, Defendant has not carried the burden of showing that interlocutory appeal would materially advance the termination of the litigation. Plaintiff filed this case over two years ago. After receiving extra time to answer or otherwise respond, Defendant moved to dismiss. Sometime after denying Defendant's Motion to Dismiss, the Court stayed the case pending the *Genesis* decision. On April 17, 2013, the day after the Supreme Court decided *Genesis*, Plaintiff filed a status report relating that *Genesis* was not dispositive of the issues in this case. On May 30, 2013, noting no opposition to Plaintiff's status report, the Court reopened the case. Then, on June 10, 2013, Defendant filed its Renewed Motion to Dismiss. Although the Court deemed it advisable to rule on this Motion, Defendant did not adequately explain why it failed to challenge Plaintiff's notice that *Genesis* was not dispositive of the issues in this case in a timelier fashion. Therefore, the Court finds that staying the case again would prejudice Plaintiff. Moreover, because there is ample authority supporting Plaintiff's position regarding the mootness issue, there is not a substantial likelihood that the Fourth Circuit will rule in Defendant's favor. Conceivably, then, the case could be delayed on appeal for months, if not a year or more, only to wind up back where it was when the Court originally denied Defendant's Motion to Dismiss. *Cf. Boyd v. Coventry Health Care Inc.*, 828 F. Supp. 2d 809, 821 (D. Md. 2011) ("Permitting interlocutory appeal of this issue would inject even more delay into a case that has lingered on the Court's

docket for over two years."). Therefore, Defendant has not shown that interlocutory appeal would materially advance the termination of the litigation.

**IV.     CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. A separate Order follows. The Court will issue a Scheduling Order.

|  |  |
|---|---|
| October 2, 2013 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |