# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

KENSINGTON PHYSICAL THERAPY, INC.

        Plaintiff

vs.

JACKSON THERAPY PARTNERS, LLC

        Defendant

Case No. 8:11-cv-02467

## STIPULATION OF CLASS ACTION SETTLEMENT

This Stipulation of Class Action Settlement ("Stipulation of Settlement") is entered into between plaintiff Kensington Physical Therapy, Inc. ("Plaintiff"), individually and on behalf of the Settlement Class (as defined below), and defendant Jackson Therapy Partners, LLC ("Defendant") (Plaintiff and Defendants may be referred to as "Party" or jointly the "Parties").

## RECITALS

A.      Plaintiff filed a lawsuit in the United States District Court for the District of Maryland, captioned *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, Civil Action No. 11-cv-02467 (the "Litigation").

B.      Plaintiff brought the Litigation alleging it received facsimiles promoting products or services offered for sale by the Defendant. In its Complaint, Plaintiff alleged that such facsimiles were unsolicited advertisements sent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

C.      Based on the information and facts known to Plaintiff and Class Counsel (as identified below), and upon consideration of the benefits that this Stipulation of Settlement

1

affords Plaintiff and the Settlement Class (as defined below), Plaintiff and Class Counsel consider it to be in the best interests of Plaintiff and the Settlement Class to enter into this Stipulation of Settlement. A draft Preliminary Approval Order is attached at <u>Exhibit A</u>.

D.       Defendant expressly denies any wrongdoing and any liability whatsoever to Plaintiff and the Settlement Class. Defendant has concluded, however, that it is also in its best interest to settle the Litigation on the terms set forth in this Stipulation of Settlement in order to avoid further expenses, delays, burdens, uncertainties and risks of litigation, and to put to rest all claims, known or unknown, that have been brought or might have been asserted by Plaintiff or Settlement Class members concerning the allegations raised in the Litigation.

Now therefore, in consideration of the foregoing recitals, which are incorporated into and made part of this Stipulation of Settlement (and subject to the approval of the Court), the Parties agree as follows:

## AGREEMENT

1.       **Settlement Class Definition and Conditional Certification for Settlement Purposes.** For settlement purposes only, the Parties stipulate to the certification of a class (the "Settlement Class" or "Class") defined as follows:

> All persons or entities within the United States to whom Jackson Therapy Partners sent or caused to be sent facsimile advertisements promoting its goods or services from September 1, 2007 to the date of the Preliminary Approval Order.

> The following are excluded from the Class: all directors, officers, agents and employees of Defendant; any person or entity who timely opts out of this proceeding; any person or entity who has given a valid release of the claims asserted in the Litigation, and court personnel, Plaintiff's counsel and their employees.

Based on the records obtained in the course of discovery, the Settlement Class consists of approximately 32,633 entities.

Subject to approval by the Court, the following law firms will serve as Class Counsel ("Class Counsel"):

| Edward A. Broderick<br>Anthony I. Paronich<br>Broderick Law, P.C.<br>125 Summer St., Suite 1030<br>Boston, MA 02110 | Matthew P. McCue<br>The Law Office of Matthew P. McCue<br>1 South Ave, Third Floor<br>Natick, MA 01760 | Stephen H. Ring<br>Law Offices of Stephen H. Ring, P.C.<br>9901 Belward Campus Drive, Suite 175<br>Rockville, MD 20850 |
|---|---|---|

2. **Class Counsel Solely Responsible for Approval Documents, Notice and Administration Plan.** Class Counsel will draft all papers for preliminary and final approval of the Stipulation of Settlement, which will be filed as unopposed motions subject to the approval of the Defendant, which shall not be unreasonably withheld.

3. **Settlement Administrator.** The Settlement Administrator will be Kurtzman Carlson Consultants (KCC) or such other administrator as approved by the Court (thereinafter "Settlement Administrator").

4. **Preliminary Approval.** The Plaintiff shall file an unopposed motion with the Court, subject to approval by Defendant, requesting preliminary approval of the Stipulation of Settlement and shall request the entry of a Preliminary Approval Order, substantially in the form of Exhibit A, preliminarily approving this Stipulation of Settlement. The Preliminary Approval Order shall also set a hearing date for the final approval of this Stipulation of Settlement to occur following the deadline for Settlement Class members to opt out or object to the Stipulation of Settlement.

5. **Settlement Fund.** Defendant and its insurers ("Defendant's Insurers") shall create a settlement fund in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00) (the "Settlement Fund") that represents the maximum amount that Defendant or

Defendant's Insurers will have to pay under this Stipulation of Settlement. Defendant and Defendant's Insurers have reached an agreement (the "Funding Agreement") amongst themselves as to the allocation of the Settlement Fund. Counsel for Defendant shall maintain a completely executed copy of the Funding Agreement at least until thirty five (35) days after the entry of the final approval order. In the event of non-payment by Defendant's Insurers under the Funding Agreement, Defendant agrees to assign its rights under the Funding Agreement as to the Defendant's Insurer(s) which does not make its payment to the Settlement Fund in accordance with the Funding Agreement (the "Non-Conforming Insurer") to the Plaintiff and the Class it represents, and Plaintiff agrees to seek recovery solely from the Non-Conforming Insurer as to the payment amount committed to by the Non-Conforming Insurer, and Defendant and any Defendant's Insurer which has made its payment in accordance with the Funding Agreement shall not be liable to the Plaintiff or the Class for the payment that the Non-Conforming Insurer(s) failed to make.

The Parties shall treat the Settlement Fund as a "Qualified Settlement Fund" for purposes of §468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. Moreover, Class Counsel, through their proposed Settlement Administrator, shall be responsible for filing or causing to be filed all information and other tax returns for the Settlement Fund and for paying from the Settlement Fund all taxes owed thereon.

Within 20 calendar days after the entry of an order granting Preliminary Approval to this Stipulation of Settlement substantially in the form of Exhibit A to this Stipulation of Settlement, the Defendant and Defendant's Insurers shall make their respective payments, which shall total Four Million Five Hundred Thousand Dollars ($4,500,000), to the Settlement Fund in

4

accordance with the allocation set forth in the Funding Agreement. Defendant and Defendant's Insurers shall each deliver their respective payments to the Settlement Fund by check or by wire to an interest bearing account established by Computershare Trust Company, N.A., (which is designated as "Escrow Agent" in the Escrow Agreement between Defendant and the Class) at a federally insured financial institution (the "Settlement Escrow Account"). Class Counsel shall provide Defendant and Defendant's Insurers with payment instructions on or before the date the Court enters the Preliminary Approval Order. Class Counsel shall draft and provide to Defendant and Defendant's Insurers an escrow agreement (the "Settlement Escrow Agreement") for their approval, specifying that funds may only be withdrawn from the Settlement Escrow Account at the joint direction of both Class Counsel and Defendant's counsel in accordance with the terms of this Stipulation of Settlement or as ordered by the Court, and naming the financial institution as escrow agent and stating from whom escrow directions are to be issued to and how they are to be issued. The federally insured financial institution holding the Settlement Escrow Account is to be a party to, and the escrow agent for, the Settlement Escrow Agreement and any fees for acting as escrow agent shall be paid from the Settlement Fund as approved by the Court. Upon full payment by Defendant and Defendant's Insurers to the Settlement Escrow Account, Defendant and Defendant's Insurers shall have no further payment obligation to the Settlement Class or otherwise. The interest generated from the Settlement Fund will accrue to the benefit of the Settlement Class and is to be added into the Settlement Fund, provided however, that the interest generated may be returned to the Defendant and the Defendant's Insurers as set forth below.

Neither Defendant nor Defendant's Insurers will be responsible for any acts, errors or omissions of the Class Counsel or the escrow agent of the Settlement Escrow Account.

Neither Defendant nor Defendant's Insurers shall be responsible for the administration of the Settlement Fund or ensuring it is properly disbursed. Class Counsel or the Settlement Administrator as their designee shall be responsible for ensuring the Settlement Fund is properly disbursed.

If (a) the Court does not enter a final approval order substantially in the form of Exhibit C or such other form as is mutually agreed to by the Parties, or (b) approval of the order is reversed on any appeal or the order does not become a Final and Non-Appealable Order (as defined below), then this Stipulation of Settlement shall be ineffective and void and all amounts in the Settlement Escrow Account, including any interest accrued thereon, shall be immediately returned to Defendant and Defendant's Insurers in accordance with the percentage of funds each contributed to the Settlement Escrow Account; the Parties will retain and reserve all positions with respect to the Litigation, and the Litigation shall proceed as if no settlement had been reached. The Parties will then to return to the pre-settlement status quo.

6. **Notice To The Class.** Notice substantially in the form of Exhibit B will be provided by facsimile to the list of Settlement Class members which Defendant has provided to Class Counsel and in the event notice is not able to be successfully transmitted to a Settlement Class member via facsimile, then if possible, the notice shall be sent to such Settlement Class member via first class mail. The notice will inform the Settlement Class member of the proposed settlement. The Settlement Class members will not have to take any affirmative actions to receive the compensation provided under this Stipulation of Settlement and will receive a settlement check unless they opt out of the Settlement Class. The Notice will provide a section for the Settlement Class members to update their mailing address. The Settlement Class members will have a minimum of thirty (30) days to return the form attached to the notice in

6

order to update mailing addresses before settlement checks are issued.    Class Counsel shall be solely responsible for ensuring the notice is issued in accordance with this Stipulation of Settlement.

7. **CAFA Notice and Settlement Administration.** Class Counsel, through the Settlement Administrator, shall be responsible for giving notice of this Stipulation of Settlement to the Class, for all administration of the Settlement Fund, for disseminating the notice required by Section 1715 of the Class Action Fairness Act (28 U.S.C. § 1715) within 10 days of filing this Stipulation of Settlement (subject to the review and approval of the Defendant) to the appropriate federal and state officials (and shall keep records to show the CAFA Notice was served on them), and for making the disbursements from the Settlement Fund (upon joint direction for the release of such funds by Class Counsel and Defendant's counsel) as authorized by this Stipulation of Settlement following the Effective Date (as defined below).   In the event that Class Counsel delegates any or all of these tasks to a Settlement Administrator, Class Counsel shall ensure that the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this paragraph.

8. **Requests for Exclusion.** A Settlement Class member wishing to make a request for exclusion from the Settlement Class shall mail the request to the Settlement Administrator in written form, by first class mail, postage prepaid, and postmarked no later than the deadline set by the Court for submission of requests to be excluded from the Settlement Class.  Such request for exclusion must clearly indicate the name, address, and telephone number of the person or entity seeking exclusion, the name and case number of the case, must be signed by such person, and must state the Settlement Class member excludes itself, himself or herself from the settlement.  The request for exclusion shall not be effective unless the request for

exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class member, or any person acting on behalf of or in concert or in participation with that Settlement Class member, may request exclusion of any other Settlement Class member from the Settlement Class. Copies of requests for exclusion will be provided by the Settlement Administrator to Class Counsel and to counsel for the Defendant not later than five (5) business days after the deadline for submission of requests for exclusion set by the Court. Class Counsel shall file the original requests for exclusion with the Clerk of the Court no later than ten (10) business days before the final approval hearing.

9. **Right to Rescind**. In the event more than 250 Settlement Class members file valid and timely requests to be excluded from the Settlement Class or are otherwise excluded from the Settlement Class, then Defendant in its sole and unfettered discretion shall have the right to rescind this Stipulation of Settlement. Defendant shall exercise its right to rescind this Stipulation of Settlement by filing a Notice of Rescission of Stipulation of Settlement with the Court before the Court enters the final approval order.

10. **Objections to Stipulation of Settlement.** Any member of the Settlement Class who is not excluded from the Settlement Class and who objects to the approval of the proposed Stipulation of Settlement must submit a written statement of all factual and legal authority for the stated objection ("Written Statement"). A member of the Settlement Class may appear at the final approval hearing in person or through counsel to show cause as to why the proposed Stipulation of Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not mandatory; however, any Settlement Class member wishing to be heard orally in opposition to the approval of the Stipulation of Settlement and/or the request

for attorneys' fees and/or the request for the service award to Plaintiff is required to submit a Written Statement and state the identity of any witnesses he, she or it may call to testify and any exhibits he, she or it may seek to introduce into evidence at the final approval hearing. The Court will consider comments and/or objections to the Stipulation of Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to Plaintiff only if, on or before thirty (30) days after the deadline for notice to be mailed, such Written Statements and any supporting papers are filed in writing with the Clerk of this Court, and copies of all such papers are served upon the Settlement Administrator. No Settlement Class member shall be entitled to be heard and no objection shall be considered unless these requirements are satisfied.

11. **Final Approval.** The Plaintiff shall petition the Court to hold a final approval hearing and enter a final approval order, substantially in the form of <u>Exhibit C,</u> on a date fixed by the Court. This Stipulation of Settlement is contingent upon the Court entering a final approval order substantially in the form of <u>Exhibit C</u> or in a form mutually agreed to by Plaintiff and Defendant (and subject to the approval of Defendant's Insurers). This Stipulation of Settlement is further contingent upon the final approval order entered by the Court becoming a Final and Non-Appealable Order. A Final and Non-Appealable Order means the later of the following:

(i) if no notice of appeal from the order is filed, the expiration date of the time for filing or petitioning for any appeal from the order, including any extension of such expiration date granted by order of any court of competent jurisdiction, by operation of law, or otherwise; (ii) if a timely appeal is filed, the date of final affirmance on an appeal of the order, the expiration of the time for a petition for rehearing, a petition for writ of review, and a petition for *certiorari* of the order and, if any such petition is granted, the date of final affirmance of the

order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding to review the order.

12. **Effective Date.** "Effective Date" means the date on which this Stipulation of Settlement becomes effective. The Effective Date shall be the date seven (7) business days after the date the final approval order, substantially in the form of <u>Exhibit C</u> or in a form mutually approved by Plaintiff and Defendant (and subject to the approval of Defendant's Insurers), becomes a Final and Non-Appealable Order.

13. **Settlement Fund Distribution.** With the exception of costs incurred by the Settlement Administrator for the preparation and sending of Notice to the Settlement Class members and other class administration duties as necessary to administer this settlement in accordance with this Stipulation of Settlement ("Notice and Administration Costs"), which shall be paid out of the Settlement Fund as incurred with the approval of counsel for Defendant, the Settlement Fund shall be distributed only after the Effective Date and as set forth below. Within seven (7) business days after the Effective Date, Class Counsel and counsel for Defendant shall make a direction to the escrow agent of the Settlement Escrow Account to make the following payments:

    a.    Payment of a service award to Plaintiff in the amount of Fifteen Thousand Dollars ($15,000).

    b.    Payment to the Settlement Administrator of all reasonable Notice and Administration Costs (including issuance of settlement checks) of the Settlement Administrator. Class Counsel shall present an itemization of such charges for approval by counsel for Defendant and if there is a dispute as to the charges it shall be resolved by the Court

    c.    Payment of attorneys' fees to Class Counsel in an amount approved by the Court, not to exceed 1/3 (one-third) of the Settlement Fund or One Million Five Hundred Thousand Dollars ($1,500,000) and for reasonable costs and expenses. Defendant and Defendant's Insurers agree not to oppose Class Counsel's request

for attorneys' fees and reasonable costs and expenses which is not in excess of the aforementioned amounts.

d.    The balance of the Settlement Fund, after making payment of the amounts in subparagraphs (a) through (c) of this paragraph, is to be paid to the Settlement Administrator who shall issue settlement checks on a pro-rata basis to Settlement Class members (excluding Plaintiff and Settlement Class members validly requesting exclusion from the Settlement Class). Class Counsel shall ensure that settlement checks are issued to the Settlement Class members who are not excluded from the Settlement Class for their pro-rata share of the funds available from the Settlement Fund to pay claims after the expenses in subsections (a) through (c) above are paid.

e.    Settlement Class members who do not cash their settlement checks within one hundred and twenty (120) days of the date of issuance (as printed on the check) waive any claim to payment. Such checks will be deemed rescinded after 120 days from issuance. The proceeds from uncashed checks will then be re-issued to those Settlement Class members who did cash their checks on a pro-rata basis. If it is not economical to issue a second round of checks, meaning the costs of doing so would be prohibitive in the judgment of Class Counsel and Defendant's counsel, then such funds would be distributed to a Court appointed *cy pres* recipient. The Parties agree to propose the Electronic Privacy Information Center, 1718 Connecticut Ave. NW Washington, DC 20009.

f.    In the event there are funds remaining in the Settlement Fund after the above efforts to send funds to Settlement Class members have been exhausted, said funds will be given to a *cy pres* as approved by the Court.

In no event shall Notice and Administration Costs exceed One Hundred Twenty Thousand Dollars ($120,000) unless, upon motion by Class Counsel and for good cause shown, this Court enters an order increasing the amount as reasonable and necessary for the Settlement Administrator to carry out its duties as set forth herein.

**14.    Attorneys' Fees and Service Award.** Defendant will not oppose Class Counsel's request for attorneys' fees of up to one third (1/3) of the amount of the Settlement Fund ($1,500,000.00), plus reasonable costs and expenses. Defendant also will not oppose a service award to the Plaintiff in the amount of $15,000.

15.   **Release.**   Upon the Effective Date, Plaintiff individually and the Settlement Class members who have not been excluded from the Settlement Class by order of the Court, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, members, managers, partners, principals, representatives, employees, agents, and personal representatives ("Releasor(s)"), release and forever discharge Defendant its parent and affiliated entities and all of their present or former predecessors, successors, subsidiaries, and affiliates, and all of their respective officers, directors, partners, members, principals, insurers, reinsurers, insureds, representatives, employees, agents, shareholders, attorneys, servants, and assigns ("Released Parties") of and from any and all liability for all claims, demands, causes of actions, suits, damages, fees (including but not limited to attorneys' fees or other costs or expenses in connection with the Litigation), and expenses which Releasors have or had against the Released Parties arising out of or relating to facsimiles which were sent or allegedly sent from the beginning of time to the date of the Preliminary Approval Order in the Litigation, to any Releasor by or on behalf of Defendant or its parent or affiliated entities, whether or not asserted in the Litigation and whether arising under the TCPA, or other federal, state, or municipal statutory, regulatory, or common law, including without limitation the claims alleged in the Complaint, whether known or unknown, that have accrued as of the date of this Stipulation of Settlement (the "Released Claims").

In connection with such waivers and relinquishment, Plaintiff and the Settlement Class members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Stipulation of Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such

12

intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

Without admitting that California law or the laws of any other state apply to this Stipulation of Settlement or that the release provided by the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Settlement Class members shall be deemed to have waived and shall have expressly waived the provisions and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor.

Further, Plaintiff and the Settlement Class members, expressly waive any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

16. **Duty of Cooperation**. The Parties and their attorneys agree to cooperate fully with one another in seeking Court approval of Stipulation of Settlement and to use their best efforts to effect the consummation of this Stipulation of Settlement and the settlement provided for herein.

17. **Potential Changes to Exhibits.** The Parties agree to request that the Court approve the forms of the Preliminary Approval Order attached hereto as Exhibit A, notice to the Settlement Class attached hereto as Exhibit B, and the final approval order attached hereto as Exhibit C collectively referred to as the Exhibits. The fact that the Court may require non-substantive changes in the Exhibits does not invalidate this Stipulation of Settlement.

13

18. **Settlement Not Approved.** If this Stipulation of Settlement is not approved by the Court or for any reason does not become effective, or if any portion of this Stipulation of Settlement is modified in a form which is not mutually acceptable to the Parties, or is declared invalid by a court on appeal, the entire Stipulation of Settlement shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

19. **Entire Agreement.** This Stipulation of Settlement constitutes the full and entire agreement between the Parties with regard to the subject hereof, and supersedes any prior representations, promises, or warranties (oral or otherwise) made by any Party. No Party shall be liable or bound to any other Party for any prior representation, promise or warranty (oral or otherwise) except for those expressly set forth in this Stipulation of Settlement.

20. **Successors.** Each and every term of this Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Stipulation of Settlement.

21. **Counterparts.** This Stipulation of Settlement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on the Party which executed it. For convenience, multiple signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Stipulation of Settlement may be treated as originals.

22. **Joint Preparation.** This Stipulation of Settlement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Stipulation of Settlement.

23. **Miscellaneous Provisions.** Whether or not this Stipulation of Settlement and the settlement contemplated hereunder are consummated, this Stipulation of Settlement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

24. **Press Release.** Plaintiff, the Settlement Class and Class Counsel agree that they will not issue any press release or other public announcement of the Stipulation of Settlement publicizing the fact that a settlement has taken place, other than steps necessary to obtain preliminary and final approval.

25. **Plaintiff's Service Award.** Class Counsel represents and warrant that the only compensation received by Plaintiff is the service award of $15,000 (if approved by the Court), and that the Plaintiff is not being otherwise compensated by Class Counsel.

26. **Governing Law.** This Stipulation of Settlement is intended to and shall be governed as if a contract executed under the laws of the State of Maryland.


[REMAINDER OF PAGE INTENTIONALLY BLANK]

IN WITNESS HEREOF, the undersigned have executed this Stipulation of Settlement as of :

KENSINGTON PHYSICAL THERAPY, INC.

By: _STANLEY SHAPIRO_ (Printed Name)

Its: _VICE-PRESIDENT_

On Behalf of Plaintiff's Counsel/Class Counsel,

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110

JACKSON THERAPY PARTNERS, LLC

By: _Scott L'Heureux_ (Printed Name)

Its: _CEO_

16

# EXHIBIT A

KENSINGTON PHYSICAL THERAPY, INC.

Plaintiff

vs.

JACKSON THERAPY PARTNERS, LLC                    Case No. 8:11-cv-02467

Defendant

## ORDER PRELIMINARILY APPROVING STIPULATION OF SETTLEMENT, CONDITIONALLY CERTIFYING CLASS, AND ENTERING SCHEDULE

Pending is plaintiff Kensington Physical Therapy, Inc.'s ("Plaintiff"), Unopposed Motion for Preliminary Approval of Stipulation of Settlement1, Conditional Class Certification and Entry of Scheduling Order. For the reasons stated herein, the Court GRANTS Plaintiff's Motion, conditionally certifies the class, preliminarily approves the Stipulation of Settlement and enters the schedule set forth below for notice to the class, exclusion and opt out deadlines, and for a final approving hearing.

WHEREAS, the Parties filed a Stipulation of Settlement which, sets forth the terms and conditions for the settlement and release of certain claims against the Defendant; the Court having considered the Stipulation of Settlement (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Stipulation of Settlement appears fair, reasonable and adequate, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Stipulation of Settlement is fair, reasonable, and adequate, and to determine whether a Judgment

---

1 Capitalized terms shall have the same definition as in the Stipulation of Class Action Settlement.

Approving Settlement and Order of Dismissal should be entered in this Litigation based upon the Stipulation of Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     For purposes of settlement only, the Court has jurisdiction over the subject matter of this Litigation and personal jurisdiction over the parties and the members of the Settlement Class described below.

2.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following class (the "Settlement Class"):

> All persons or entities within the United States to whom Jackson Therapy Partners sent or caused to be sent facsimile advertisements promoting its goods or services from September 1, 2007 to the date of the Preliminary Approval Order.
>
> The following are excluded from the Class: all directors, officers, agents and employees of Defendant; any person or entity who timely opts out of this proceeding; any person or entity who has given a valid release of the claims asserted in the suit, and court personnel, Plaintiff's counsel and their employees.

3.     Pursuant to Fed.R.Civ.P. 23, and for settlement purposes only, Plaintiff is hereby appointed class representatives and the following counsel are hereby appointed as Class Counsel:

| Edward A. Broderick | Matthew P. McCue | Stephen H. Ring |
|---|---|---|
| Anthony I. Paronich | The Law Office of Matthew P. | Law Offices of Stephen H. |
| Broderick Law, P.C. | McCue | Ring, P.C. |
| 125 Summer St., Suite 1030 | 1 South Ave, Third Floor | 9901 Belward Campus Drive, |
| Boston, MA 02110 | Natick, MA 01760 | Suite 175 |
| | | Rockville, MD 20850 |

4.     The Court hereby approves Kurtzman Carson Consultants as the Settlement Administrator to issue Notice to Settlement Class members, to perform such other functions and

duties of the Settlement Administrator as are set forth in the Stipulation of Settlement, and to provide such administration services as are reasonably necessary to facilitate the completion of the settlement.

5.     The prerequisites for a class action under Fed.R.Civ.P. 23(a) and (b)(3) have been preliminarily satisfied in that (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representatives are typical of the claims of the respective classes within the Settlement Class they seek to represent; (d) the class representative will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court further finds that (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this matter as a class action settlement.

6.     A hearing (the "Final Approval Hearing") pursuant to Fed.R.Civ.P. 23(e) is hereby scheduled to be held before the Court on [INSERT DATE AND TIME] for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement

class action treatment under Fed.R.Civ.P. 23(a) and (b) are met;

(b)     to determine whether the settlement is fair, reasonable and adequate, and

should be approved by the Court;

(c)     to determine whether the final approval order as provided under the

Stipulation of Settlement should be entered;

(d)     to consider the application for an award of attorneys' fees and expenses of

Class Counsel;

(e)     to consider the application for a service award to the Plaintiff;

(f)     to consider the distribution of the Settlement Fund pursuant to the

Stipulation of Settlement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

Briefs and papers in support of the final approval of the proposed settlement shall be filed no

later than  seven (7) days before the Final Approval Hearing.  The Final Approval Hearing may

be postponed, adjourned, transferred or continued by order of the Court without further notice to

the Settlement Class.  After the Final Approval Hearing, the Court may enter a Judgment

Approving the Stipulation of Settlement and Order of Dismissal in accordance with the

Stipulation of Settlement that will adjudicate the rights of all class members.

7.      The Court hereby approves the form, content and requirements of the Notice

annexed to the Stipulation of Settlement as <u>Exhibit B</u> and the notice plan set forth in the

Stipulation of Settlement for issuing notice to the Settlement Class.  Class Counsel shall cause

the Notice to be issued to all members of the Class in accordance with the notice plan set forth in

the Stipulation of Settlement, which the Court finds constitutes reasonable effort to identify and notify such Settlement Class members. Class Counsel shall, prior to the Final Approval Hearing, file with the Court proof of sending Notice to the Settlement Class members.

8. The form and method of issuing notice to the Settlement Class members set forth in the Stipulation of Settlement constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law.

9. On or before seven (7) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) motion for final approval; (ii) any application for award of attorneys' fees and expenses; and (iii) any application for a service award to the Plaintiff.

10. The Court sets the following deadlines and schedule:

a. Class Counsel shall ensure that Notice is issued to the Settlement Class in accordance with the terms of the Stipulation of Settlement within 14 days after the date of this Order.

b. Settlement Class members who wish to be excluded from the Settlement Class must submit their requests for exclusion to the Settlement Administrator by U.S. Mail and such requests must be postmarked on or before [INSERT DATE].

c. Objections to the Stipulation of Settlement must be filed with the Clerk of the Court on or before [INSERT DATE] and a copy of the objection is to be served on the Settlement Administrator.

d. The Court shall conduct a Final Approval Hearing on [INSERT DATE AND TIME] for the purpose of determining whether to issue final approval to the

Stipulation of Settlement. The date and time of the final approval hearing may be changed by the Court without further notice to the Settlement Class.

11.     Settlement Class members shall be bound by all determinations and orders pertaining to the Stipulation of Settlement, whether favorable or unfavorable, unless such person is excluded from the Settlement Class by order of this Court. Settlement Class members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants relating to the claims released pursuant to or covered by the terms of the Stipulation of Settlement.

12.     A Settlement Class member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than [INSERT DATE]. Any request for exclusion is to be sent to the Settlement Administrator at the address specified in the Notice. Such request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion, the name and case number of the case, must be signed by such person, and shall state the Settlement Class member excludes itself, himself or herself from the Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class member, or any person acting on behalf of or in concert or in participation with that Settlement Class member, may request exclusion of any other Settlement Class member from the Settlement Class.

13.     Any Settlement Class member who is not excluded from the Settlement Class and who objects to the approval of the proposed settlement must submit a complete written statement

of all grounds for the objection, together with factual and legal support for the stated objection. A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the settlement and/or the request for attorneys' fees and/or the request for a service award to the Plaintiff, are required to indicate in their written objection their intention to appear at the hearing, and must offer a complete statement of grounds for the objection, together with all factual and legal authority for the stated objection, and state the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. The Court will consider comments and/or objections to the Stipulation of Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the class representative only if, on or before [INSERT DATE], such comments or objections and any supporting papers are filed in writing with the Clerk of this Court, and copies of all such papers are served upon the Settlement Administrator. No Settlement Class member shall be entitled to be heard and no objection shall be considered unless these requirements are satisfied.

14.     Any Settlement Class member who does not make their objection to the Stipulation of Settlement in the manner provided herein shall be deemed to have waived any objection to the Stipulation of Settlement by appeal, collateral attack, or otherwise.

15.     Pending final determination of whether the Stipulation of Settlement should be approved, the Plaintiff and all Settlement Class members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Defendant or its insurers.

7

16.    All discovery and other pretrial proceedings in this action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Stipulation of Settlement and this Order.

17.    If the Stipulation of Settlement does not become effective, the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

ENTER:

_____
Paul W. Grimm, United States District Court Judge

DATED:    _____, 2014

# EXHIBIT B

| | | |
|---|---|---|
| KENSINGTON PHYSICAL THERAPY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:11-cv-02467 |
| | ) | |
| JACKSON THERAPY PARTNERS, LLC, | ) | Hon. Paul W. Grimm |
| | ) | |
| Defendant. | ) | |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:    [INSERT NAME AND ADDRESS OF SETLEMENT CLASS MEMBER FROM CLASS LIST]**

**THIS NOTICE CONCERNS A PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT YOU *MAY* BE A MEMBER OF THE SETTLEMENT CLASS AND *MAY* BE ENTITLED TO RECEIVE A PAYMENT FROM A SETTLEMENT FUND.**

**THIS NOTICE DOES NOT CONCERN A LAWSUIT AGAINST YOU.** The purpose of this notice (the "Notice") is to advise you that a proposed settlement of a class action lawsuit against Jackson Therapy Partners, LLC ("JTP") for alleged violation of the federal Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") by sending you advertisements by facsimile ("fax"). The case is pending in the United States District Court for the District of Maryland. This Notice is being sent to you because JTP's records show that you *may* have received a fax advertisement(s) from JTP and therefore you may be a class member. If you are a class member under the proposed settlement you are entitled to a cash payment.

Your fax number was contained in a list of fax numbers to which JTP may have sent one or more fax advertisements. For purposes of this settlement, it is assumed that a fax advertisement from JTP was sent to your fax number and that the fax was sent without full compliance with the TCPA ("Fax Advertisement")

This Notice describes the case in general and does not address all of the issues in detail. You may review the case file at the Clerk of the Court for the United States District Court for the District of Maryland. You may inspect the file and copy it at your expense, or you may contact the Settlement Administrator at the toll-free telephone number below.

**WHY DID I GET THIS NOTICE?**

This is a Notice of a proposed Settlement in a class action lawsuit captioned *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC., Case No. 11-cv-02467* ("the Lawsuit"). The settlement would resolve a lawsuit brought on behalf of persons and entities who were sent Fax Advertisements by JTP. If you are receiving this Notice, your fax number was identified as a fax number to which fax advertisements *may* have been sent by JTP at some point after September 1, 2007, based on evidence obtained in the lawsuit.

## WHAT IS THIS LAWSUIT ABOUT?

The lawsuit alleges that JTP violated the TCPA by sending unsolicited and non-compliant fax advertisements offering its goods or services to the Settlement Class. The case seeks damages for the Settlement Class members. The TCPA provides that a person who is sent a fax advertisement in violation of the TCPA may bring an action against the sender to recover either actual damages or statutory damages of up to $500 per fax. The TCPA further provides that the Court may in its discretion increase the award of statutory damages up to $1500 per fax if the Court finds the defendant knowingly or willfully violated the TCPA.

JTP denies that it violated any laws or that it did anything wrong. JTP has agreed to the settlement solely to avoid the burden, expense, risk and uncertainty of continuing the lawsuit. The Court has preliminarily certified this matter as a class action for settlement. JTP's records reflect that you *may* have received fax ad from JTP and therefore you are presumed to be a Settlement Class member. The class consists of:

> All persons or entities within the United States to whom Jackson Therapy Partners sent, or caused to be sent, facsimile advertisements promoting its goods or services, during the period Sept. 1, 2007 to [INSERT DATE OF PRELIMINARY APPROVAL]. (the "Settlement Class")

> The following are excluded from the Settlement Class: all directors, officers, agents and employees of Defendant; any person or entity who timely opts out of this proceeding; any person or entity who has given a valid release of the claims asserted in the suit, and court personnel, Plaintiff's counsel and their employees.

## WHY IS THIS A CLASS ACTION?

In a class action, one or more persons or entities, called "class representatives" (in this case, Kensington Physical Therapy, Inc.), sue on behalf of persons or entities that have similar claims. All of these persons or entities together are a "class" or "class members." The settlement, if approved by the Court, resolves the issues for all Settlement Class members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Plaintiff Kensington Physical Therapy, Inc., the Settlement Class or JTP. Instead, both sides have agreed to a Settlement. This avoids the cost, risk, and delay of trial. Under the settlement, Settlement Class members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The class representative and the attorneys think the settlement is best for all Settlement Class members.

## WHAT DOES THE SETTLEMENT PROVIDE?

The total amount of the Settlement Fund to be paid by JTP and its insurers is $4,500,000. The lawyers who brought this lawsuit (listed below) will ask the Court to award them one-third of the Settlement Fund ($1,500,000.00) and actual costs, for the substantial time and effort they put into this case. The Plaintiff will also apply to the Court for payment of $15,000 in recognition of its service to the Settlement Class as class representative. Any amount awarded will be paid from the Settlement Fund. The Settlement Fund will also cover costs associated with notice and administration of the Settlement.

These costs include the cost of transmitting or mailing this Notice, as well as, the costs of administering the Settlement Fund. Attorneys' fees, service payments, and the expenses of notice and administration will be deducted from the Settlement Fund before the balance is divided and distributed to members of the Settlement Class.

## HOW MUCH WILL I BE PAID?

If the Court approves the Settlement, unless you opt out of the settlement you will be entitled to an equal payment from the Settlement Fund. The maximum amount you will receive is $500.00 regardless of the number of faxes you received.

## WHEN WILL I BE PAID?

If the Court approves the Settlement, you will be paid as soon as possible after the court order becomes final. If there is an appeal of the Settlement, payment may be delayed. Assuming the Court approves the settlement, it is likely that you will not receive payment until 60 days after the Final Approval Hearing.

## WHO REPRESENTS THE SETTLEMENT CLASS?

The attorneys who have been appointed by the Court to represent the Settlement Class are:

| Edward A. Broderick Anthony I. Paronich Broderick Law, P.C. 125 Summer St., Suite 1030 Boston, MA 02110 | Matthew P. McCue The Law Office of Matthew P. McCue 1 South Ave, Third Floor Natick, MA 01760 | Stephen H. Ring Law Offices of Stephen H. Ring, P.C. 9901 Belward Campus Drive, Suite 175 Rockville, MD 20850 |
|---|---|---|

You are free to retain your own attorney to represent you at your own expense should you desire to do so.

## YOUR OPTIONS

Your choices are to:

**(1)** **Do Nothing and Accept the Settlement.** If you do not opt out of settlement because you did not receive a fax or for some other reason, and the settlement is approved, a check will be mailed to you for your share of the Settlement Fund. **YOU MUST CASH THE CHECK WITHIN 120 DAYS OF THE DATE IT WAS ISSUED.** If you do not cash the check within 120 days of the date it was issued as indicated on the check, you agree that you waive your claim for payment and the check shall be rescinded and void and if economically reasonable, an amount equal to the amount of uncashed checks shall be distributed pro-rata to class members who did cash their checks); OR

**(2)** **Exclude yourself.** *If you did not receive an advertising fax from JTP you should opt out of the settlement or exclude yourself.* You may also "opt out" or exclude yourself from the settlement for any other reason you deem appropriate. If you opt out, you will not receive any cash payment, and you will not release any claims you may have against JTP. If you opt out, you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against JTP at your own risk and expense. To opt out or exclude yourself from the settlement, you must mail a signed letter to the Settlement

Administrator at the address at the end of this notice. Your request must be postmarked on or before [INSERT DATE] or it will not be valid. Your request must state your name, address and telephone number, the name and case number of the case (see top of this notice), and that you wish to exclude yourself from the settlement; OR

**(3)** **Object to the settlement.** If you object to the settlement, file your objection in writing with the Clerk of the United States District Court,6500 Cherrywood Lane, Greenbelt, MD 20770 in person on or before [INSERT DATE] or via U.S. Mail (if mailed your objection must be postmarked on or before [INSERT DATE]. You must also send a copy of your objection to the Settlement Administrator at the address below, also by postmarked by [INSERT DATE]. Any objection to the proposed settlement must be a complete written statement of all grounds for the objection, together with factual and legal support for the stated objection. A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to approval of the settlement and/or the request for attorneys' fees and/or the request for the service award to Plaintiff are required to indicate in their written objection their intention to appear at the hearing, and must offer a complete statement of grounds for the objection, together with all factual and legal authority for the stated objection, and state the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. Objections must also state the name, address, telephone number and signature of the objector.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

If the Court gives final approval to the settlement, members of the Settlement Class will be deemed to have released any claim they may have against JTP and others related to past fax transmissions sent by on behalf of JTP to members of the Settlement Class that violate state or federal law. Giving up your legal claims is called a release.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing (the "Hearing") at **TIME** on **DATE**. The hearing will be held at the United States District Court for the District of Maryland located at 6500 Cherrywood Lane, Greenbelt, MD 20770 before Judge Paul W. Grimm or whoever may be sitting in his place. At the Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. At the Hearing, the Court will also decide how much to pay Class Counsel. After the Hearing, the Court will decide whether to approve the settlement. It is not known how long the Court will take to make its decision. In addition, the Hearing may be continued at any time by the Court without further notice to you. If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will not be paid at this time and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

## CORRECT ADDRESS

Please be sure that your correct address is printed at the top of this notice to make sure that any payment you are due under the settlement is sent to your correct address. Unless you contact the Settlement Administrator to update your address, any settlement check sent to you will be sent to this address. You may update your address with the Settlement Administrator by calling toll free xxx-xxx-xxxx and leaving your name, current address, and telephone and fax number(s) on the voice mail or by mailing an address update containing your name, current address, and telephone and fax number(s) to the

Settlement Administrator at the following address:

**SETTLEMENT ADMINISTRATOR JTP CLASS ACTION{ADDRESS}**
**Toll-Free 1-_____**

**DO NOT ADDRESS QUESTIONS ABOUT THE SETTLEMENT OR THE LAWSUIT TO THE CLERK OF THE COURT OR TO THE JUDGE.** DATED:    , 2014

**By order of the Honorable Paul W. Grimm, Judge for the United States District Court for the District of Maryland.**

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

KENSINGTON PHYSICAL THERAPY, INC.

Plaintiff

vs.

JACKSON THERAPY PARTNERS, LLC                    Case No. 8:11-cv-02467

Defendant

## FINAL ORDER AND JUDGMENT APPROVING STIPULATION OF SETTLEMENT AND CERTIFYING CLASS

Pending is plaintiff Kensington Physical Therapy, Inc.'s ("Plaintiff"), Unopposed Motion for Final Approval of the Stipulation of Settlement. For the reasons stated herein, the Court GRANTS Plaintiff's motion, finally certifies the class, and approves the Stipulation of Settlement.

WHEREAS, the Parties to this action, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions set forth in the Stipulation of Settlement and the Exhibits annexed thereto ("Stipulation of Settlement"), which has been filed with the Court; and

WHEREAS, the Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order finally approving the Stipulation of Settlement, which sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court preliminarily approved the Stipulation by Preliminary Approval Order dated **[DATE]** and notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order; and

WHEREAS, all defined terms contained herein (which are capitalized) shall have the same meanings as set forth in the Stipulation of Settlement; and

WHEREAS, the Court has read and considered the papers filed in support of the Motion, including the Stipulation of Settlement, memoranda and arguments submitted on behalf of the Settlement Class and the Defendant if any, and supporting declarations. The Court has also considered any written comments filed with the Clerk of the Court by absent Settlement Class members. The Court held a hearing on **[DATE]**, at which time the Parties and all other interested persons were heard in support of and in opposition to the proposed settlement; and

WHEREAS, based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the hearing, it appears to the Court that the Stipulation of Settlement is fair, adequate, and reasonable. Accordingly,

IT IS HEREBY ORDERED THAT:

1.    For purposes of this settlement only, the Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over the Parties and the members of the Settlement Class described below.

2.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class for purposes of settlement only:

> All persons or entities within the United States to whom Jackson Therapy Partners sent or caused to be sent facsimile advertisements promoting its goods or services from September 1, 2007 to [INSERT DATE OF PRELIMINARY APPROVAL ORDER].

> The following are excluded from the Class: all directors, officers, agents and employees of Defendant; any person or entity who timely opts out of this proceeding; any person or entity who has given a valid release of the claims asserted in the suit, and court personnel, Plaintiff's counsel and their employees.

3.     In its Preliminary Approval Order the Court appointed Plaintiff as the class representative and the Court reaffirms this appointment.

4.     In its Preliminary Approval Order the Court appointed the following attorneys as Class Counsel and the Court reaffirms the appointment of the following attorneys as Class Counsel:

| Edward A. Broderick | Matthew P. McCue | Stephen H. Ring |
|---|---|---|
| Anthony I. Paronich | The Law Office of Matthew P. | Law Offices of Stephen H. |
| Broderick Law, P.C. | McCue | Ring, P.C. |
| 125 Summer St., Suite 1030 | 1 South Ave, Third Floor | 9901 Belward Campus Drive, |
| Boston, MA 02110 | Natick, MA 01760 | Suite 175 |
| | | Rockville, MD 20850 |

5.     With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the respective class representative (the "Class Representative"), identified above, are typical of the claims of the members of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) that there were no difficulties encountered in administering this Litigation as a class action settlement. In the event the Stipulation of Settlement terminates pursuant to its terms for any reason, the

conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and shall be null and void, and this Litigation shall revert to its status, immediately prior to the execution of the Stipulation of Settlement.

6.     The Court has determined that the Notice has been given to members of the Settlement Class, in accordance with the Preliminary Approval Order, that the Notice was the best practicable notice under the circumstances, and that it adequately and accurately informed members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Class, and fully complied with Rule 23(c)(B) of the Federal Rules of Civil Procedure, and with all applicable law.

7.     [No Settlement Class members have opted out of the settlement.] OR [The persons listed on Exhibit A to this order have made timely and valid requests for exclusion are hereby excluded from the Settlement Class and are not bound by this Order of final judgment and dismissal.]

8.     The Court finally approves the settlement of the Litigation in accordance with the terms of the Stipulation of Settlement and finds that the settlement is fair, reasonable, and adequate in all respects. The Court orders the Parties to the Stipulation of Settlement to perform their obligations thereunder in accordance with the terms of the Stipulation of Settlement.

9.     The Court dismisses this Litigation, with prejudice and without costs (except as otherwise provided herein and in the Stipulation) and adjudges that the Released Claims and all of the claims described in the Stipulation of Settlement are released against the Released Parties.

10.    The Court adjudges that the Class Representatives and all Settlement Class Members and the Releasors under the Stipulation of Settlement shall be deemed to have, fully,

finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Stipulation of Settlement. The Court further adjudges that each Settlement Class member who has not opted out of this settlement but for whatever reason does not receive money from the Settlement Fund, shall be deemed to have fully, finally and forever released relinquished and discharged all Released Claims against the Released Parties.

11. Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims described in the Stipulation of Settlement against the Released Parties.

12. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Stipulation of Settlement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto shall have been performed pursuant to the Stipulation of Settlement; (b) any other action necessary to conclude this settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Stipulation of Settlement. In the event a court of competent jurisdiction determines that this provision prevents this Order from becoming a final order, then this provision shall be deleted and rescinded.

13. The Court approves of Class Counsel attorneys' fees in the amount of $1,500,000.00 and costs and expenses in the amount of $[INSERT FINAL COSTS]. This amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation of Settlement.

14. The Court approves the service award payment of $15,000 for Class Representative Kensington Physical Therapy, Inc. This amount shall be paid from the Settlement

Fund in accordance with the terms of the Stipulation of Settlement. If a *cy pres* distribution is needed as called for by the Stipulation of Settlement, ¶ 13 (e) and (f), the Court appoints Electronic Privacy Information Center, 1718 Connecticut Ave. NW Washington, DC 20009 as the cy pres beneficiary.

15.    Neither this Final Order of Judgment and Dismissal nor the Stipulation of Settlement is an admission or concession by the Defendant or its insurers of any fault, omission, liability, or wrongdoing. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in the Litigation or a determination of any wrongdoing by the Defendant. The final approval of the Stipulation of Settlement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Defendants or the Settlement Class members.

16.    [There were no objections to the Stipulation of Settlement.] OR [The Court has reviewed all objections to the Stipulation of Settlement and it finds the objections are without merit and are denied in all respects.] The Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.


    ENTER:


    _____
    Paul W. Grimm, United States District Court Judge

    DATED:    _____, 2014

# EXHIBIT A – LIST OF OPT OUTS