| | |
|---|---|
| **KENSINGTON PHYSICAL THERAPY, INC.**<br><br>**Plaintiff**<br><br>v.<br><br>**JACKSON THERAPY PARTNERS, LLC**<br><br>**Defendant** | Case No. 8:11-cv-02467 |

## PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
## CLASS  A C T I O N  SETTLEMENT

Plaintiff Kensington Physical Therapy, Inc. ("Plaintiff") respectfully submits this Motion for Final Approval of Class Settlement (the "Motion").  This Court granted Preliminary Approval to the Parties Stipulation of Class Action Settlement (the "Stipulation or the "Settlement") on October 29, 2014, directing the Parties to provide notice to the Class, which has been completed. *Order Preliminarily Approving Stipulation of Settlement, Conditionally Certifying Class and Entering Schedule.*  Dkt. 106.[1]  By this Motion, the Plaintiff seeks final approval of the class settlement, and court approval of attorneys' fees, expenses and court approval of the incentive award of the Plaintiff.

In support of its request for final approval of the Settlement, Plaintiff asserts that the proposed Settlement is fair and reasonable and is consistent with the provisions of Rule 23 of the Federal Rules of Civil Procedure.  In further support of the motion, the Plaintiff refers the Court to Plaintiff's Memorandum in Support of its Motion for Final Approval of the Stipulation of Class Action Settlement.  A proposed form of Final Approval Order allowing this Motion is attached as Exhibit B to Plaintiff's Memorandum in support of this motion.

As directed by the Court's Order Preliminarily Approving Stipulation of Settlement,

---

[1] The Stipulation of Settlement was filed with the Court at Dkt. 105-1.

Conditionally Certifying Class, and Entering Schedule, Plaintiff and Class Counsel, with the assistance of their Class Action Administrator, Kurtzman Carson Consultants ("KCC") have taken the following steps:

- (i) KCC sent the Notice via facsimile to 32,569 class members on November 12, 2014.

- (ii) KCC established a case-specific toll-free telephone line staffed by trained operators available to respond to questions of class members.

- (iii) KCC identified 39 class members with no facsimile number and sent those class members actual notice via first class mail.

- (iv) Of these notices sent via first class mail, thirty seven were returned due to out of date addresses. KCC then updated the contact information for these class members and re-mailed notice packets to these class members via first class mail at their updated address.

- (v) KCC then distributed the Notice via first class mail to 12,680 class members to whom fax notice was rejected as "undeliverable."

- (vi) Of these notices sent via first class mail, 6,687 were returned due to out of date addresses. KCC was able to located updated contact information for 3,293 of these class members and re-mailed notice packets to these class members via first class mail at their updated address.[2]

No objections to the settlement were received. Twenty four class members requested to be excluded from the settlement.[3] Plaintiff and Jackson agree that all twenty-four exclusion requests should be accepted by the Court. As noted at footnote 1 to the Memorandum In Support of Motion for Final Approval of Class Action Settlement, the exclusion request of Acelera Physiotherapy was submitted one day after the deadline for submission of exclusion requests. The Plaintiff specifically requests that this Court forgive the untimeliness of this exclusion request and recognize it as valid.

The settlement in this case is eminently fair given the hurdles remaining for the putative class in this case. The financial compensation to each class member is significant. Class members in this case will receive a payment of at least $87.00. Further, and as detailed in

---

[2] See Affidavits of KCC, attached as Exhibit A to the Memorandum in Support filed contemporaneously. KCC additionally complied with the requirements of the Class Action Fairness Act 28 U.S.C. § 1715(b). *Id.*
[3] A list of class members who seek to opt out of the settlement is attached at Exhibit 2 to the Affidavit of Michael Bui, attached at Exhibit A to the Memorandum In Support of Final Approval.

4

Plaintiff's Memorandum In Support of Motion for Final Approval, class members need do nothing to receive compensation. If a class member does not exclude themselves from the settlement, they will receive payment. It is anticipated that an unknown number of class members will not cash their checks. If a check is not cashed within 120 days of issuance, the check will be rescinded. A second round of payments will then be made to class members who did cash their initial check. Accordingly, the recovery per class member will likely far exceed $87.00. If any funds remain after a second round of payments to class members, such funds will be paid to the Electronic Privacy Information Center, the *cy pres* beneficiary previously approved by this Court. If this settlement is approved, under no circumstances will any of the settlement funds revert back to Jackson or its insurers.

WHEREFORE, the Plaintiff requests, that this Court GRANT this motion and enter the Proposed Final Approval Order, granting final approval to the Settlement, approving the request of Class Counsel for Attorneys' Fees and Expenses, GRANT the $15,000 incentive award to the Class Plaintiff, and recognize as valid the exclusion request of Acelera Physiotherapy.

Respectfully submitted for
PLAINTIFF,
Kensington Physical Therapy, Inc.

By its attorneys,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Edward A. Broderick
Broderick Law, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110
(617) 738-7080
(617) 951-3954 *facsimile*
ted@broderick-law.com
*Pro Hac Vice*

Stephen H. Ring (Bar No. 00405) STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, MD 20878
Phone: (301) 563-9249
Fax: (301) 563-9639
shr@ringlaw.us

Matthew P. McCue
The Law Office of Matthew P. McCue 1 South Avenue, Third Floor
 Natick, MA 01760
 (508) 655-1415
(508) 319-3077 *facsimile*
mccue@massattorneys.net
*Pro Hac Vice*

Dated: February 4, 2015

## CERTIFICATE OF SERVICE

    I hereby certify that on February 4, 2015, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record

/s/ *Anthony I. Paronich*
Anthony I. Paronich
