UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FILED
FEB 12 2015
DISTRICT OF MARYL...

| KENSINGTON PHYSICAL THERAPY, INC. | |
|---|---|
| Plaintiff | |
| vs. | |
| JACKSON THERAPY PARTNERS, LLC | Case No. 8:11-cv-02467 |
| Defendant | |

**FINAL ORDER AND JUDGMENT APPROVING STIPULATION OF SETTLEMENT AND CERTIFYING CLASS**

Pending is plaintiff Kensington Physical Therapy, Inc.'s ("Plaintiff"), Unopposed Motion for Final Approval of the Stipulation of Settlement. For the reasons stated herein, the Court GRANTS Plaintiff's motion, finally certifies the class, and approves the Stipulation of Settlement.

WHEREAS, the Parties to this action, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions set forth in the Stipulation of Settlement and the Exhibits annexed thereto ("Stipulation of Settlement"), which has been filed with the Court; and

WHEREAS, the Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order finally approving the Stipulation of Settlement, which sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court preliminarily approved the Stipulation by Preliminary Approval Order dated October 28, 2014 (Dkt. 106) and notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order; and

WHEREAS, all defined terms contained herein (which are capitalized) shall have the same meanings as set forth in the Stipulation of Settlement; and

WHEREAS, the Court has read and considered the papers filed in support of the Motion, including the Stipulation of Settlement, memoranda and arguments submitted on behalf of the Settlement Class and the Defendant if any, and supporting declarations. The Court has also considered any written comments filed with the Clerk of the Court by absent Settlement Class members. The Court held a hearing on February 12, 2015, at which time the Parties and all other interested persons were heard in support of and in opposition to the proposed settlement; and

WHEREAS, based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the hearing, it appears to the Court that the Stipulation of Settlement is fair, adequate, and reasonable. Accordingly,

IT IS HEREBY ORDERED THAT:

1. For purposes of this settlement only, the Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over the Parties and the members of the Settlement Class described below.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class for purposes of settlement only:

> All persons or entities within the United States to whom Jackson Therapy Partners sent or caused to be sent facsimile advertisements promoting its goods or services from September 1, 2007 to October 28, 2014.
>
> The following are excluded from the Class: all directors, officers, agents and

employees of Defendant; any person or entity who timely opts out of this proceeding; any person or entity who has given a valid release of the claims asserted in the suit, and court personnel, Plaintiff's counsel and their employees.

3. In its Preliminary Approval Order the Court appointed Plaintiff as the class representative and the Court reaffirms this appointment.

4. In its Preliminary Approval Order the Court appointed the following attorneys as Class Counsel and the Court reaffirms the appointment of the following attorneys as Class Counsel:

| Edward A. Broderick<br>Anthony I. Paronich<br>Broderick Law, P.C.<br>125 Summer St., Suite 1030<br>Boston, MA 02110 | Matthew P. McCue<br>The Law Office of Matthew P. McCue<br>1 South Ave, Third Floor<br>Natick, MA 01760 | Stephen H. Ring<br>Law Offices of Stephen H. Ring, P.C.<br>9901 Belward Campus Drive, Suite 175<br>Rockville, MD 20850 |
|---|---|---|

5. With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the respective class representative (the "Class Representative"), identified above, are typical of the claims of the members of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the

Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) that there were no difficulties encountered in administering this Litigation as a class action settlement. In the event the Stipulation of Settlement terminates pursuant to its terms for any reason, the conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and shall be null and void, and this Litigation shall revert to its status, immediately prior to the execution of the Stipulation of Settlement.

6. The Court has determined that the Notice has been given to members of the Settlement Class, in accordance with the Preliminary Approval Order, that the Notice was the best practicable notice under the circumstances, and that it adequately and accurately informed members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Class, and fully complied with Rule 23(c)(B) of the Federal Rules of Civil Procedure, and with all applicable law.

7. The persons listed on Exhibit A to this order have made timely and valid requests for exclusion are hereby excluded from the Settlement Class and are not bound by this Order of final judgment and dismissal. The Court specifically approves the exclusion request of Acelera Physiotherapy and forgives its untimeliness.

8. The Court finally approves the settlement of the Litigation in accordance with the terms of the Stipulation of Settlement and finds that the settlement is fair, reasonable, and adequate in all respects. The Court orders the Parties to the Stipulation of Settlement to perform their obligations thereunder in accordance with the terms of the Stipulation of Settlement.

9. The Court dismisses this Litigation, with prejudice and without costs (except as otherwise provided herein and in the Stipulation) and adjudges that the Released Claims and all of the claims described in the Stipulation of Settlement are released against the Released Parties.

10. The Court adjudges that the Class Representatives and all Settlement Class Members and the Releasors under the Stipulation of Settlement shall be deemed to have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Stipulation of Settlement. The Court further adjudges that each Settlement Class member who has not opted out of this settlement but for whatever reason does not receive money from the Settlement Fund, shall be deemed to have fully, finally and forever released relinquished and discharged all Released Claims against the Released Parties.

11. Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims described in the Stipulation of Settlement against the Released Parties.

12. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Stipulation of Settlement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto shall have been performed pursuant to the Stipulation of Settlement; (b) any other action necessary to conclude this settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Stipulation of Settlement. In the event a court of competent jurisdiction determines that this provision prevents this Order from becoming a final order, then this provision shall be deleted and rescinded.

13. The Court approves of Class Counsel's attorneys' fees in the amount of $1,500,000.00 and costs and expenses in the amount of $45,739.06. This amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation of Settlement.

14. The Court approves the service award payment of $15,000 for Class Representative Kensington Physical Therapy, Inc. This amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation of Settlement. If a *cy pres* distribution is needed as called for by the Stipulation of Settlement, ¶ 13 (e) and (f), the Court appoints Electronic Privacy Information Center, 1718 Connecticut Ave. NW Washington, DC 20009 as the cy pres beneficiary.

15. Neither this Final Order of Judgment and Dismissal nor the Stipulation of Settlement is an admission or concession by the Defendant or its insurers of any fault, omission, liability, or wrongdoing. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in the Litigation or a determination of any wrongdoing by the Defendant. The final approval of the Stipulation of Settlement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Defendants or the Settlement Class members.

16. There were no objections to the Stipulation of Settlement. The Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

ENTER:

_____
Paul W. Grimm, United States District Court Judge

DATED: 02-12 2015